**STATE of Iowa, Plaintiff-Appellee,**

v.

**Dale Alan WOLFE,
Defendant-Appellant.**

No. 83–1374.

Court of Appeals of Iowa.

March 26, 1985.

Charles L. Harrington, Appellate Defender, and Fern S. Shupeck, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ.

DONIELSON, Presiding Judge.

Defendant appeals from his conviction for OWI in violation of Iowa Code section 321.281, asserting: (1) that foundation was insufficient to support admission of evidence concerning a breath test; (2) that he was denied effective assistance by trial counsel's failure to object on hearsay grounds to admission of an officer's observation of a visual result displayed on the machine used for a breath test; (3) that a mistrial should have been granted due to the failure of the State to produce a technician to testify concerning operation of the machine used for a breath test; and (4) that an instruction on the statutory defense provided for intoxication resulting from prescribed medication was improper. We reverse.

On March 5, 1983, Dale Wolfe struck a parked vehicle which was occupied by two people. The police were summoned to the scene and Wolfe was asked to perform several field sobriety tests. Based on the results of those tests, the defendant was arrested for driving under the influence of alcohol.

The case proceeded to trial and on August 18, 1983, the jury returned a verdict finding the defendant guilty as charged. The defendant has appealed.

The first assignment of error is that the trial court should not have admitted evidence of a breath test conducted by law enforcement officers. The defendant claims that the State failed to establish the accuracy and reliability of the particular machine used to test the defendant and also failed to demonstrate the accuracy and reliability of the visual measurement offered by the arresting officer.

■ Chapter 321B of the Iowa Code sets forth certain procedural requirements, including restrictions relating to the condition and operation of test equipment. These standards were adopted to protect the health of the person submitting to a test and to ensure its accuracy for use in later judicial proceedings. *State v. Schlemme*, 301 N.W.2d 721, 723 (Iowa 1981). In order to admit the results of a test into evidence, the State must demonstrate compliance with the procedural requirements, and the accuracy and reliability of the particular test results. *Id.* at 722. We agree with the defendant that this burden has not been met.

The State failed to show that the intoxilyzer machine was functioning properly at the time the defendant's breath was analyzed. At trial, Deputy Sheriff Jeff Hostetler testified that in order to achieve printed results, the subject must blow enough air into the instrument to cause a green light to operate, signifying that the machine has received a sufficient sample to begin analysis. The subject must then continue to exhale until the machine has "locked in," at which point the machine will produce a printed analysis of the blood-alcohol level. The record reflects that defendant was asked to provide several breath samples. The machine never "locked in" and, consequently, no printed analysis was obtained. However, Hostetler testified that during one of defendant's attempts, an external indicator reflected a blood-alcohol level of .14.

The State argues that the failure to obtain printed results was due to defendant's failure to blow for a long enough period of time. Yet evidence was also introduced that the machine failed to yield a printed result when a police officer subsequently blew into the instrument. While this is not conclusive evidence that the machine was malfunctioning, it does raise a question as to its accuracy and reliability—a question that is unanswered in the record before this court.

■ There is nothing in the record to indicate that the State's characterization of the evidence is a more probable conclusion. The intoxilyzer machine used to test the defendant was never introduced into evidence. Thus, it is not possible to know whether the machine was functioning properly or whether there is some viable explanation for the fact that no printed result was obtained when the police officer blew into the machine. We therefore conclude that the State has not met its burden to show that the machine was accurate and reliable.

■ For similar reasons we believe the trial court erred in allowing testimony concerning the results of the external indicator. There is nothing to indicate that the external indicator will give a reliable reading for purposes of a judicial proceeding. In fact, Hostetler's testimony during cross-examination reflects to the contrary:

> Q. Okay. Have you been instructed by the Department of Public Safety or by anyone else to use visual readings in place of the machine clicking in? A. Yes.
>
> Q. And you've been told that that—that will be just as good a test as if the machine clicked in? A. I don't think it would be just as good.

Accordingly, we hold that the evidence concerning the breath test should have been excluded and reverse the conviction for this reason. Because of our disposition on this issue, we need not address defendant's claim that he was denied effective assistance of counsel. The defendant's remaining two assignments of error do not constitute sufficient grounds for reversal. However, we believe it would be of some benefit to discuss them briefly, since similar issues may surface in a subsequent action.

Defendant argues that the trial court wrongfully denied him an opportunity to question a state technician about the testing procedure which was utilized in this case. Prior to trial, defense counsel filed a "motion for a chemist." At the suppression hearing the court indicated that the State would be required to produce one of two named technicians at trial to testify concerning the machine used. However, in its written ruling the court did not require the State to produce a technician. Rather, the court stated that the defendant could "subpoena any listed witness from the DCI."

■ The defendant argues on appeal that the State should have produced a technician at trial and that the failure to do so was grounds for a mistrial. We disagree. As the State points out, a district court may change a ruling in the progress of a case. We believe defense counsel should have subpoenaed a technician in accordance with written ruling, rather than rely on statements the court made during the suppression hearing.

■ The defendant's final claim is that the trial court improperly instructed the jury on the prescription medication defense. Section 321.281(7) provides a complete defense for intoxication when a person is under the influence of a prescribed medication "provided however there is no evidence of alcohol." In accordance with this language, the court explained to the jury:

> If you find that there was satisfactory proof of the use of any quantity of alcohol, then the prescription drug defense is not available.

The defendant argues that this does not reflect the intent of the legislature. He asserts that the statute should be construed in a manner permitting the defense when there is evidence of alcohol, as long as it is not a significant factor in the defendant's intoxication. We are unpersuaded by this argument. The statute specifically requires that there be *no evidence* of alcohol. This language is unambiguous and the intent of the legislature is clear. Thus, we conclude that the trial court's instruction to the jury was proper.

REVERSED.