Timothy C. SMITH, Appellant,

v.

STATE of Iowa, Appellee.

No. 94–2018.

Court of Appeals of Iowa.

Nov. 27, 1995.

Timothy C. Smith, Fort Madison, pro se, appellant.

Thomas J. Miller, Attorney General; Thomas G. Fisher, Jr., Assistant Attorney General; Victoria Siegel, County Attorney, and Ron Kelly, Assistant County Attorney, for appellee.

Considered by DONIELSON, C.J., and SACKETT and CADY, JJ.

DONIELSON, Chief Judge.

Timothy Smith appeals the dismissal of his second application for postconviction relief. We review this dismissal for the correction of errors of law. *Wilkins v. State,* 522 N.W.2d 822, 823 (Iowa 1994). Finding his claim was time barred under Iowa Code section 822.3, we affirm.

Smith was convicted of first-degree murder. He appealed his conviction which was affirmed by the Iowa Court of Appeals. Procedendo issued on December 5, 1989. Smith filed his first application for postconviction relief on December 27, 1990. His application was denied and the denial of postconviction relief was subsequently affirmed on appeal.

Smith filed his second application for postconviction relief on November 15, 1993. This application contended his trial, appellate and postconviction counsel had been ineffective. The State filed a motion for summary disposition and sought to dismiss the second application as untimely under Iowa Code section 822.3. Iowa Code section 822.3 (1993) provides in relevant part:

[A]pplications must be filed within three years from the date the conviction or decision is final or, in the even of an appeal, from the date the writ of procedendo is issued. *However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.* [Emphasis added.]

Relying on existing case law, the district court found an allegation of ineffective assistance of counsel could constitute sufficient reason to preclude application of the three-year time bar. On February 25, 1994, the court denied the State's motion for summary disposition, and trial on Smith's application for postconviction relief was to be held on November 4, 1994.

Approximately two weeks prior to the trial date, the Iowa Supreme Court filed a significant opinion construing section 822.3. In *Wilkins v. State,* 522 N.W.2d 822, 824 (Iowa 1994), the Iowa Supreme Court held an applicant for postconviction relief cannot circumvent the effect of the three-year time bar by merely claiming the ineffective assistance of postconviction counsel. "Section 822.3 creates an exception for untimely filed applications if they are based on claims that 'could not' have been previously raised because they were not available." *Id.* at 824.

In light of the *Wilkins* decision, both parties agreed the district court should revisit its prior ruling on the State's motion for summary disposition. The district court found *Wilkins* governed the case and barred Smith from pursuing his second application for postconviction relief. Smith's application was dismissed and it is his appeal from that ruling which we now review.

■ As supplemented, Smith's second application for postconviction relief raised three issues alleging the ineffectiveness of his prior counsel. Those issues involved: 1) the failure to request the submission of a special interrogatory or special verdict; 2) the investigation of the footprint samples; and 3) the closing argument given by Smith's trial counsel. Each of these claims was available and could have been raised in Smith's direct appeal or in his first application for postconviction relief.

Smith claims this case is distinguishable from *Wilkins* and falls within the above-italicized exception to the section 822.3 time bar. He argues the claims raised in his second application constitute new legal claims which are specifically exempted from the time-bar. Smith misreads *Wilkins.* The issue is not whether his present claims were previously raised, it is whether they *could*

have been raised during the three-year time period. The legal and factual underpinnings of each of Smith's claims were in existence during the three-year period and were available to be addressed in Smith's appellate and postconviction proceedings.

Smith cannot circumvent the three-year time-bar by claiming the ineffective assistance of postconviction counsel. *See Whitsel v. State,* 525 N.W.2d 860, 864–65 (Iowa 1994) ("[A]ssertion of ineffective assistance of counsel does not save the application from being barred under section 822.3 because he knew of the underlying claim before it became time barred."). The fact that Smith was represented by the same counsel in his first postconviction proceeding and on his appeal therefrom is not relevant. He had different appellate counsel and is relying on claims that could have been raised within the applicable time period. He was accorded an opportunity to pursue these claims and did not. The district court did not err in finding Smith's second application was time-barred, and dismissal of the application was appropriate.

■ Finally, we reject Smith's argument that his postconviction counsel violated a duty in not resisting the district court's decision to revisit its prior ruling on the statute of limitations issue. It is well-established a district court may correct its prior ruling anytime before final judgment. *Kendall/Hunt Publishing Co. v. Rowe,* 424 N.W.2d 235, 240 (Iowa 1988), *see also State v. Wolfe,* 369 N.W.2d 458, 460 (Iowa App.1985) ("a district court may change a ruling in the progress of a case"). Since *Wilkins* clearly governed the disposition of this case, Smith's counsel had no duty to object to the district court's reconsideration of its prior ruling.

**AFFIRMED.**

CADY, J., concurs.

SACKETT, J., specially concurs without opinion.