# IN THE COURT OF APPEALS OF IOWA

No. 3-1197 / 12-1523
Filed February 5, 2014

**DEWAYNE CAMPBELL,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Black Hawk County, Jon C. Fister,

Judge.


        Dewayne Campbell appeals the dismissal of his second postconviction

relief application.  **AFFIRMED.**


        John J. Bishop, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney

General, Thomas J. Ferguson, County Attorney, and Michelle Wagner, Assistant

County Attorney, for appellee State.


        Considered by Danilson, C.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

We must decide whether a postconviction relief application is time-barred.

## I.    *Background Proceedings*

In 2004, a Black Hawk County jury found Dewayne Campbell guilty of first-degree robbery.  This court affirmed his conviction.  *State v. Campbell*, No. 04-1809, 2005 WL 3298971, at *4-6 (Iowa Ct. App. Dec. 7, 2005).  Procedendo issued in January 2006.

Campbell filed a postconviction relief application raising issues of prosecutorial misconduct.  The district court found that Campbell's trial attorney breached an essential duty in failing to object to certain prosecutorial assertions but concluded Campbell did not suffer *Strickland* prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that to prove a claim of ineffective assistance of counsel, a claimant must establish a breach of an essential duty and prejudice).

On appeal, Campbell's attorney filed a brief to support Campbell's argument and moved to withdraw pursuant to Iowa Rule of Appellate Procedure 6.1005, governing "[f]rivolous appeals, withdrawal of counsel."[1]  Campbell resisted the motion.  In 2009, the Iowa Supreme Court dismissed the appeal as frivolous and denied a motion to reconsider.[2]

---

[1] The rule has since been amended to preclude the use of these withdrawal procedures "in appeals from the denial of an application for postconviction relief following a reported evidentiary hearing on that application, unless the application was ultimately denied based upon the statute of limitations, law of the case, or res judicata principles."  Iowa R. App. P. 6.1005(1).

[2] Campbell also filed a petition for writ of habeas corpus, which was denied.  *Campbell v. Fayram*, 09-CV-2057-LRR, 2012 WL 264171, at *4 (N.D. Iowa Jan. 30, 2012); *see also Campbell v. Fayram*, C09-2057, 2010 WL 3023489, at *12 (N.D. Iowa July 29, 2010).

In December 2011, Campbell filed a second application for postconviction relief, re-alleging the grounds raised in his first application and claiming "his right to effective assistance of counsel was violated by [his first posconviction relief attorney] in her assertion that the Applicant's appeal to the denial of his PCR was frivolous." The State moved to dismiss Campbell's application on statute of limitations and res judicata grounds. Following a hearing, the district court accepted the State's res judicata argument and dismissed the application. The court denied a motion to enlarge or amend the ruling, and this appeal followed.

## II.    *Statute of Limitations*

The State contends the district court could have dismissed the petition as untimely. Although this was not a ground on which the court relied, the State points out that we may affirm on an alternate basis raised in the district court. *See DeVoss v. State*, 648 N.W.2d 56, 61 (Iowa 2012) ("We have in a number of cases upheld a district court ruling on a ground other than the one upon which the district court relied *provided* the ground was urged in that court."). We agree.

Generally, an application for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued," unless the application raises "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3 (2011). Procedendo issued in 2006, and Campbell did not file his second postconviction relief application until nearly six years later. Accordingly, the application was untimely.

Campbell does not rely on the statutory exception to overcome the time bar. Instead, he argues that the limitations period began to run from the 2009

dismissal of his first postconviction appeal. Section 822.3 does not support this reading; by its terms, the date of procedendo after a direct appeal is the operative triggering date.

Nor can Campbell "circumvent the three-year time-bar by claiming the ineffective assistance of postconviction counsel." *Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995); *see also Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) ("Wilkins labels his claim ineffective-assistance-of-postconviction-counsel in the hope that the court will reach the merits of his contention that his trial counsel was ineffective. However, his claims neither involve new evidence nor are they new legal claims."). His underlying claims of prosecutorial misconduct could have been, and indeed were, raised during the three-year time period. *See Smith*, 542 N.W.2d at 854.

We affirm the dismissal of Campbell's second postconviction relief application.

**AFFIRMED.**