**IN THE COURT OF APPEALS OF IOWA**

No. 13-0670
Filed April 30, 2014

**LONZO HOWARD,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble,

Judge.

Lonzo Howard appeals from the order dismissing his third application for

postconviction relief.  **AFFIRMED.**

Alexander Smith of Burdette Law Firm, P.C., Clive, for appellant.

Lonzo Howard, Anamosa, pro se.

Thomas J. Miller, Attorney General, Sheryl Soich, Assistant Attorney

General, John P. Sarcone, County Attorney, and Susan Cox, Assistant County

Attorney, for appellee State.

Considered by Danilson, C.J., Mullins, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013)

**MAHAN, S.J.**

Lonzo Howard appeals from the order dismissing his third application for postconviction relief (PCR). Howard contends the district court erred in granting the State's motion for summary disposition. Because Howard's PCR action is time-barred, we affirm its dismissal.

Howard was convicted in 2003 of second-degree sexual abuse, and this court affirmed his direct appeal the following year. *State v. Howard*, No. 03-0734, 2004 WL 894127, at *4 (Iowa Ct. App. April 28, 2004). Two PCR actions and one habeas corpus action followed without success. *See Howard v. State*, No. 05-1878, 2007 WL 108904, at *1 (Iowa Ct. App. Jan. 18, 2007) (affirming the denial of Howard's first PCR action without opinion). In his petition for habeas corpus, Howard alleged in part that there is insufficient evidence to support his conviction. The federal district court's determination that Howard never challenged the sufficiency of the evidence supporting his conviction in state court—and thereby failed to exhaust his remedies, precluding habeas corpus relief—leads to the present action.

In December of 2011, more than seven years after procedendo was issued in his direct appeal, Howard filed a third PCR action. In his application, he alleged his trial, appellate, and PCR counsel were all ineffective in failing to challenge the sufficiency of the evidence supporting his conviction. The State moved for summary disposition, alleging the action fell outside the three-year statute of limitations found in Iowa Code section 822.3 (Iowa 2011) and his claim did not fall under a recognized exception to the time limitation. After initially

denying the motion, the district court reconsidered, sustained the motion, and dismissed the action.

We review the court's ruling on the State's statute-of-limitations defense for correction of errors at law and affirm if the trial court's fact-findings are supported by substantial evidence and were correctly applied. *See State v. Harrington*, 659 N.W.2d 509, 519 (Iowa 2003). There is no dispute that Howard's action falls outside the statute of limitations provided in section 822.3. However, the time limit does not apply to a ground of fact or law that could not have been raised within the applicable time period. Iowa Code § 822.3. To meet this exception, there must be a possibility of success on the claim. *Nguyen v. State*, 829 N.W.2d 183, 188 (Iowa 2013).

Howard cannot show a possibility of success on his claim trial counsel was ineffective in failing to raise a sufficiency-of-the-evidence claim where, as here, a bench trial was held. *See State v. Petithory*, 702 N.W.2d 854, 856 (Iowa 2005) ("The district court's finding of guilt necessarily includes a finding that the evidence was sufficient to sustain [the defendant]'s conviction."). Nor can Howard show he was unable to raise a claim of ineffective assistance of counsel based on insufficient evidence within the three-year limitation period because the basis for such a claim existed during that time frame. *See Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995) (holding applicant cannot circumvent the three-year time-bar by claiming ineffective assistance of counsel because grounds existed and could have been raised within the applicable time period). In fact, Howard himself filed a motion to enlarge or amend the court's findings in his first PCR action, alleging in part that there was insufficient evidence to

support his conviction. Although the motion was untimely and therefore not ruled upon, it shows Howard had the ability to raise this claim in a prior, timely PCR action.

Because the State is entitled to judgment as a matter of law on the undisputed facts before us, the district court properly granted summary disposition. *See Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002) (noting court may grant summary disposition when "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the [State] is entitled to judgment as a matter of law"). Accordingly, we affirm.

**AFFIRMED.**