# IN THE COURT OF APPEALS OF IOWA

No. 14-0206
Filed March 11, 2015

**RICARDO LEE McGLOTHLIN,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Davis County, Lucy J. Gamon, Judge.

Ricardo McGlothlin appeals from the order denying his second application for postconviction relief. **AFFIRMED.**

Julie De Vries of De Vries Law Office, P.L.C., Centerville, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Rick Lynch, County Attorney, for appellee State.

Considered by Potterfield, P.J., Bower, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Ricardo McGlothlin appeals from the order denying his second application for postconviction relief (PCR). He contends the district court erred in determining his claim did not fall under the exception to the three-year statute of limitations set forth in Iowa Code section 822.3 (2011). McGlothlin alleges he was unable to raise his claim trial counsel was ineffective in failing to offer evidence of the effects bullying had on him until after the limitation period had passed. We review his claim for correction of errors of law. *See Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003).

On June 18, 2012, McGlothlin initiated this action, which undisputedly falls outside the statute of limitations on PCR actions.[1] However, McGlothlin argues his claim falls under the exception to the statute because it "could not have been raised within the applicable time period." Iowa Code § 822.3. Specifically, he argues the bullying defense is new and could not have been raised before our legislature enacted anti-bullying legislation in 2007. *See* 2007 Iowa Acts ch. 9, § 2. In Iowa Code section 280.28—part of the "Uniform School Requirements" statute, *see* Iowa Code § 280.1—the legislature acknowledges "bullying behavior can seriously disrupt the ability of school employees to maintain a safe and civil environment, and the ability of students to learn and succeed" and defines bullying as behavior that may have "a substantially detrimental effect" on mental

---

[1] McGlothin was convicted of second-degree murder in 2002, and his conviction was affirmed the following year. *See State v. McGlothlin*, No. 02-1587, 2003 WL 22342203, at *1 (Iowa Ct. App. Oct. 15, 2003). He filed his first PCR application in 2004. This court affirmed its denial. *See McGlothlin v. State*, No. 06-1246, 2007 WL 2376641, at *5 (Iowa Ct. App. Aug. 22, 2007). McGlothin initiated the present PCR action in 2012, more than eight years after procedendo issued in the direct appeal of his conviction.

health. *Id.* § 280.28(1), (2)(b)(2). However, it does not create a new defense in criminal prosecutions and is largely inapplicable to criminal prosecution.[2] To make an exception to the statute of limitations, a change in the law must affect the validity of the conviction. *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989). Because section 280.28 is inapplicable to McGlothlin, the statute cannot provide an exception to his untimely PCR application.

We conclude the issue McGlothlin raises in his second PCR application could have been raised during the three-year limitation period. McGlothlin certainly had knowledge of his own history of being bullied and his mental health. While he may not have realized the connection between the two, assuming there is one, this information existed and was discoverable before the statute of limitations expired in January 2007.

> The issue is not whether his present claims were previously raised, it is whether they *could* have been raised during the three-year time period. The legal and factual underpinnings of each of [the applicant]'s claims were in existence during the three-year period and were available to be addressed in [the applicant]'s appellate and postconviction proceedings.

*Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995). Because the legal and factual underpinnings of McGlothlin's claim counsel was ineffective for failing to raise a bullying defense were in existence and the claim could have been addressed in his appellate and PCR proceedings, we affirm the order denying McGlothlin's second PCR application.

**AFFIRMED.**

---

[2] The only provision of section 280.28 applicable to criminal matters provides immunity from criminal prosecution to those who make a good-faith report of a bullying incident. *See* Iowa Code § 280.28(5).