# IN THE COURT OF APPEALS OF IOWA

No. 14-1632
Filed August 5, 2015

**TERRY HOUSTON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Clinton County, Paul L. Macek,
Judge.

Terry Houston appeals from the denial of his application for postconviction
relief. **AFFIRMED.**

Les M. Blair III and Taryn R. Purcell of Blair and Fitzsimmons, P.C.,
Dubuque, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney
General, Mike Wolf, County Attorney, and Robin L. Strausser, Assistant County
Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

A jury found Terry Houston guilty of operating a motor vehicle while intoxicated (OWI). Houston appealed. This court affirmed his conviction. Houston then filed an application for postconviction relief (PCR) asserting his trial counsel was ineffective in failing to raise and assert an involuntary-intoxication defense.[1] The PCR court denied Houston's application. Houston appeals. We affirm.

## I.    *Background Facts and Procedure*

Houston was charged with an aggravated misdemeanor—operating a motor vehicle while under the influence of an alcoholic beverage or other drug, second offense, in violation of Iowa Code section 321J.2(1)(a) and (2)(b) (2011). The background facts were succinctly set forth in our previous opinion as follows:

> At trial, the officer who conducted a traffic stop because Houston was going forty-nine miles per hour in a thirty-five-mile-per-hour zone testified Houston's breath smelled of alcohol and that Houston subsequently failed several field sobriety tests. Houston testified that he drank one cup of coffee with cherry brandy over several hours while working with Berryman's Carburetor Cleaner in an enclosed space. Houston testified he "found this out later . . . [Berryman's] do[es]n't use chlorinated solvents anymore, because of the chemical reactions that people have." The defense had retained an expert witness, who was flown in from Maryland to testify. The record does not indicate why the expert was not called to testify. Defense counsel argued Houston was not intoxicated. The jury returned a guilty verdict.

---

[1] "Four different kinds of involuntary intoxication have been recognized: Coerced intoxication, pathological intoxication, intoxication by innocent mistake, and unexpected intoxication resulting from the ingestion of a medically prescribed drug." *City of Minneapolis v. Altimus*, 238 N.W.2d 851, 856 (Minn. 1976). "Involuntary intoxication may . . . occur when intoxication results from an innocent mistake by the defendant about the character of the substance taken, as when another person has tricked him into taking the liquor or drugs." *Id.* Houston opines, "Of importance here is intoxication by innocent mistake."

*State v. Houston*, No. 11-1679, 2012 WL 4901400, at *1 (Iowa Ct. App. Oct. 17, 2012). Houston appealed, contending in part his trial counsel was ineffective in failing to file a notice of an involuntary-intoxication defense,[2] request a jury instruction on involuntary intoxication, and call an expert witness to testify in support of that defense. *See id.* Finding the record insufficient to address the ineffectiveness-of-counsel issue, this court preserved it for possible PCR proceedings. *Id.*

In December 2012, Houston filed a pro se PCR application. His amended application, filed in September 2014, raised the same ineffective-assistance-of-counsel allegations he previously raised in his direct appeal. In a thorough and well-reasoned ruling, the PCR court denied Houston's application. Houston now appeals.

## II.    *Standard of Review*

We review ineffective-assistance-of-counsel claims de novo. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). To succeed on such a claim, Houston must prove both that (1) his counsel failed to perform an essential duty, and (2) he suffered prejudice as a result of his counsel's failure. *See id.*

## III.    *Discussion*

To address Houston's ineffective-assistance-of-counsel claim, we begin by considering if the claim would have been meritorious had it been raised by trial counsel, because counsel does not provide ineffective assistance if the underlying claim is meritless. *See State v. Halverson*, 857 N.W.2d 632, 635

---

[2] Iowa Rule of Criminal Procedure 2.11(11)(c) provides: "If defendant intends to rely upon the defense of intoxication by drugs or alcohol . . . the defendant shall, within the time for filing pretrial motions, file written notice of such intention."

(Iowa 2015). In other words, counsel has no duty to engage in an exercise in futility. "If, however, an underlying claim has merit, we must determine whether the failure to make the claim amounted to a breach of duty and whether the defendant was prejudiced by the breach." *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Houston recognizes our supreme court has not determined whether the affirmative defense of involuntary intoxication is a complete defense. *State v. Marin*, 788 N.W.2d 833, 837 (Iowa 2010) ("We have never decided if a defendant can use involuntary intoxication as a complete defense."). Nevertheless, he asserts his trial counsel was ineffective in failing to raise the defense in his case. He asserts the defense has been recognized in a number of other states and infers the defense should be recognized in Iowa.

Where the law is unsettled, the test to determine whether counsel is required to raise an issue "is whether a normally competent attorney would have concluded that the question . . . was not worth raising." *Millam v. State*, 745 N.W.2d 719, 722 (Iowa 2008) (internal quotation marks omitted). This test does not require an attorney to be clairvoyant, but rather to research the relevant legal issues and determine whether, given the circumstances of the particular case, the issue is "worth raising." *See id.* In this case, even if the issue of involuntary intoxication as a complete defense could be considered "unsettled," we conclude a normally competent attorney would have concluded the issue was not worth raising.

The intoxication defense generally applies only to crimes that have a specific intent element. Iowa Code section 701.5, which does not distinguish between voluntary and involuntary intoxication, provides:

> The fact that a person is under the influence of intoxicants or drugs neither excuses the person's act nor aggravates the person's guilt, but may be shown where it is relevant in proving the person's specific intent or recklessness at the time of the person's alleged criminal act or in proving any element of the public offense with which the person is charged.

"[I]f intoxication negates the specific-intent element of a crime, the offender can only be found guilty of a lesser included offense consisting of the act without the intent." *State v. Guerrero Cordero*, 861 N.W.2d 253, 259 (Iowa 2015). Specific intent requires a person to be aware of doing an act and doing it with a specific purpose in mind. *State v. Rinehart*, 283 N.W.2d 319, 320-21 (Iowa 1979); Iowa Crim. Jury Inst. 200.2.

Iowa Code section 321J.2(1)(a) provides, in part: "A person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state [w]hile under the influence of an alcoholic beverage or other drug or a combination of such substances." The crime of operating a motor vehicle while intoxicated is a "general intent crime," not a specific intent crime. *State v. Connor*, 377 N.W.2d 664, 667 (Iowa Ct. App. 1985). Accordingly, a section 701.5 intoxication defense has no application to an OWI offense.

Iowa does recognize a circumscribed intoxication defense to OWI: the prescription drug defense. Section 321J.2(11)(a) provides:

> This section does not apply to a person operating a motor vehicle while under the influence of a drug if the substance was prescribed for the person and was taken under the prescription and

in accordance with the directions of a medical practitioner . . . if there is no evidence of the consumption of alcohol . . . .

An operator of a vehicle cannot be convicted of OWI under the influence of a drug if the operator is taking the drug as prescribed. *See State v. Schories*, 827 N.W.2d 659, 660 (Iowa 2013). This defense has no applicability to Houston; the carburetor cleaner he was using is not a prescribed drug. Additionally, the defense is not available if there is satisfactory proof of the use of any quantity of alcohol. *State v. Wolfe*, 369 N.W.2d 458, 460 (Iowa Ct. App. 1985). Here, Houston admitted drinking cherry brandy before driving. So, even if this defense could be employed in this case through application of some bizarre form of statutory construction, it would still be of no benefit to Houston.

Our legislature has spoken. It has addressed the subject of intoxicants or drugs in Iowa Code section 701.5. It has expressed the view that these agents are relevant to specific intent but do not generally excuse the person's acts. Furthermore, its section 321J.2(11)(a) prescription drug defense is limited. To the extent that Houston is suggesting his trial counsel should have asked for something more—i.e., ask for the court to recognize an additional involuntary-intoxication defense that is not a part of Iowa statutory criminal law (or part of the common law for that matter)—we believe this substantially exceeds the boundaries established by the legislature. *See Altimus*, 238 N.W.2d at 858 (declining to recognize a separate involuntary intoxication defense apart from the insanity defense enacted by the legislature).

Under the circumstances presented, a normally competent attorney would have concluded the issue was not worth raising. Houston's counsel had no duty

to pursue a meritless issue. Therefore, Houston has not established his trial counsel was ineffective in failing to raise or assert the involuntary intoxication defense. Houston's ineffective-assistance-of-counsel claim fails. *See Halverson*, 857 N.W.2d at 635.

## IV.  *Conclusion*

Upon consideration of the issues raised on appeal, and for the above-stated reasons, we affirm the district court's denial of Houston's application for postconviction relief.

**AFFIRMED.**

Vaitheswaran, J., concurs; Danilson, C.J., concurs specially.

**DANILSON, C.J.** (concurring specially)

I concur specially as I agree with the result reached by the majority but for a different reason. Our supreme court has concluded, "[W]e will not reverse where counsel has made a reasonable decision concerning trial tactics and strategy, even if such judgments ultimately fail." *Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989). Here, defense counsel had a reasonable trial strategy to defend, claiming the State failed to prove intoxication. The fact that the defense failed or another defense could have been presented does not establish ineffective assistance of counsel. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006).