# IN THE COURT OF APPEALS OF IOWA

No. 14-1434
Filed March 9, 2016


**BOBBY RAY WOODBERRY,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

 Bobby Woodberry appeals the denial of his application for post-conviction relief. **AFFIRMED.**


 Tammi M. Blackstone, Des Moines, for appellant.

 Thomas J. Miller, Attorney General, and Kevin Cmelik and Kyle P. Hanson, Assistant Attorneys General, for appellee.


 Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Bobby Woodberry appeals the denial of his application for postconviction relief (PCR), claiming the district court improperly held the hearing on his application without Woodberry present and the court erred in not allowing Woodberry to recast his application. We affirm.

On July 15, 1995, a jury convicted Woodberry of murder in the first degree and attempt to commit murder. Woodberry appealed these convictions and this court affirmed.[1] Since, Woodberry has filed multiple applications for PCR, which were denied. Woodberry filed the present application in October 2013 (his fourth), claiming the trial information was defective because the State omitted a statement regarding intent. Due to this deficiency, Woodberry noted the court lacked subject matter jurisdiction, and his conviction and sentence are void and must be vacated. The State filed for summary disposition of the application, and asked for sanctions against Woodberry for filing a frivolous application.

During the hearing on Woodberry's application, Woodberry's counsel asked for leave to recast the application to include a claim that each of the previous PCR counsels provided ineffective assistance for failing to raise the error in the trial information. After the hearing, Woodberry's counsel failed to file the recast petition. The district court considered the issue anyway, found the issue was time barred, and denied Woodberry's application. The court declined to sanction Woodberry. Woodberry now appeals.

---

[1] *See State v. Woodberry*, No. 95–1349, slip op. at 8 (Iowa Ct. App. Dec. 20, 1996).

Woodberry claims the court improperly allowed the PCR hearing to proceed without him, which resulted in a violation of his due process rights. The hearing transcript shows Woodberry's counsel waived Woodberry's presence at the hearing. Therefore, Woodberry has failed to preserve error on this issue since it was not raised at the hearing. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Woodberry also claims the court erred by ruling on the State's motion for summary judgment without allowing Woodberry's counsel to recast his application to include ineffective-assistance of prior PCR counsel. Iowa Code section 822.3 (2013) provides a three-year statute of limitations for the filing of PCR petitions. Woodberry's application was filed thirteen years after the deadline and, therefore, is untimely. Allowing Woodberry to recast his petition would not remedy the timeliness issue. "[A]n applicant for [PCR] cannot circumvent the effect of the three-year time bar by merely claiming the ineffective assistance of [PCR] counsel." *Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995) (citing *Wilkins v. State*, 522 N.W.2d 822, 823 (Iowa 1994)). Further, Woodberry's claim is not one that fits into the exception to this rule by stating a "ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. The "ground of fact" exception does not extend to ineffectiveness of [PCR] counsel of any kind—including [PCR] appellate counsel.

*See Dible v. State*, 557 N.W.2d 881, 884 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509 (Iowa 2003).

We affirm the district court's dismissal of Woodberry's application for PCR without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**