# IN THE COURT OF APPEALS OF IOWA

No. 15-0820
Filed January 11, 2017

**KEVIN CLEVELAND JORDAN,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt (motion to dismiss) and Rebecca Goodgame Ebinger (trial), Judges.

Kevin Jordan appeals the district court's denial of his second application for postconviction relief. **AFFIRMED.**

John C. Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

A jury found Kevin Jordan guilty of robbery in the second degree as a habitual offender. The Iowa Supreme Court dismissed Jordan's appeal as frivolous, and procedendo issued in 2009. Jordan filed his first application for postconviction relief in 2010, which the district court denied following a hearing. This court affirmed the district court's ruling in *Jordan v. State*, No. 11-1105, 2013 WL 2145980, at *1 (Iowa Ct. App. May 15, 2013).

Jordan filed a second postconviction-relief application in 2013. The district court granted the State's motion to dismiss all but one of Jordan's claims as time-barred. *See* Iowa Code § 822.3 (2013) (noting a postconviction-relief application "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued" unless the application raises "a ground of fact or law that could not have been raised within the applicable time period"). The remaining claim, which was based on newly-discovered evidence, was rejected by the court following trial.

Jordan appeals. He challenges the court's summary dismissal of his time-barred claims. Jordan states he "is not attempting to argue whether [his claims] will prove meritorious, merely that [they] were dismissed for the wrong reason." Specifically, Jordan asks us to "overrule" *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994), and *Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995) (applying *Wilkins*), to allow "appellate review of second postconviction cases for applicants whose first postconviction cases happened to take less than three years." We are not at liberty to overturn Iowa Supreme Court precedent. *State*

*v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). We decline Jordan's invitation to overrule *Wilkins* and its progeny.

In any event, the State contends Jordan failed to preserve error on this claim. Upon our de novo review of the record, we agree. The claim Jordan raises for the first time in this appeal was never presented to and ruled on by the postconviction court. Because the court did not have an opportunity to consider the issue Jordan has raised on appeal, there is nothing for our court to review. *See Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002) (holding that an issue not ruled on by the district court is not preserved for appellate review).

We further observe the issue is not whether Jordan's underlying claims were previously raised, but whether they could have been raised during the three-year time period. *See Smith*, 542 N.W.2d at 854 ("The legal and factual underpinnings of each of Smith's claims were in existence during the three-year period and were available to be addressed in Smith's appellate and postconviction proceedings."). Jordan has failed to offer any reasons why the claims he attempts to revive in this appeal were not asserted or were inadequately raised in his initial application for postconviction relief.

We affirm the district court's denial of Jordan's application for postconviction relief.

**AFFIRMED.**