# IN THE COURT OF APPEALS OF IOWA

No. 16-0715
Filed April 19, 2017

**ERIC BONITA PEPPERS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Ian K. Thornhill,

Judge.

Applicant appeals from the denial of his third application for postconviction

relief. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee State.

Considered by Danilson, C.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Eric Peppers appeals from the denial of his third application for postconviction relief (PCR), contending the district court erred in concluding the application was barred by the three-year time limit of Iowa Code section 822.3 (2017) as Peppers raised no ground of law or fact that could not have been raised within the applicable time frame. Finding no error, we affirm.

In 1999, Peppers was convicted of second-degree sexual abuse, domestic abuse assault while displaying a dangerous weapon, and false imprisonment. *State v. Peppers*, No. 00-283, 2001 WL 810740, at *1 (Iowa Ct. App. July 18, 2001). Procedendo issued on his appeal. This court affirmed the convictions and preserved for possible PCR proceedings four asserted grounds, including an ineffective-assistance-of-counsel claim for failure to file a motion to dismiss for violation of his speedy-trial rights.[1] *Id.* However, a partial dissent was filed with respect to preserving the speedy-trial issue:

> The defendant [Pepper] waived speedy trial and previously scheduled trial was then continued to a date about four months later. About one week after waiving speedy trial he secured the appointment of new counsel. Then, after about one more week, he filed a written "motion" requesting speedy trial. His motion does not indicate he served a copy on either the State or his own attorney, and he makes no claim that he did so. Trial commenced 110 days later, as previously rescheduled. The defendant claims his attorney was ineffective in failing to file a motion to dismiss for violation of his right to speedy trial. He bases this claim on an assertion that his attorney "had a duty to fully review the court file, which contained the defendant's motion reasserting his right to a speedy

---

[1] This court observed:
> The parties concede Peppers' trial took place more than ninety days after he reasserted his right to a speedy trial. Peppers argues his attorney should have notified the court that the trial date was outside the time limit. We deem the record inadequate to address this issue and, accordingly, preserve it for postconviction relief.

*Peppers*, 2001 WL 810740, at *3.

trial," and therefore should have notified the court that the defendant had reasserted the right and the previously scheduled trial was outside the time for speedy trial. I would reject this assertion and the claim of ineffective assistance which is based upon it.

Assuming without deciding that the defendant, who had requested and received court-appointed counsel, had the right to file the "motion" in question while represented by counsel, counsel had no duty to file a motion to dismiss for violation of defendant's speedy trial rights unless counsel knew or should have known of that "motion." The record provides no basis for finding that counsel knew of defendant's "pro-se" filing, and the defendant makes no claim that counsel in fact did so. Absent any evidence or claim to that effect, there is no reason to preserve for a possible postconviction proceeding any issue of breach of duty based on actual knowledge of the filing.

The State is obligated to serve on defense counsel a copy of its filings, and defense counsel is obviously aware of defense counsel's filings. It is apparently the defendant's position that defense counsel must from time to time review the court file to determine if there are any other filings of which counsel is not aware. The defendant cites no authority in support of his apparent assertion that defense counsel has a duty to periodically review the court file to determine if the defendant has filed something which the defendant has brought to the attention of neither the State nor defendant's own attorney, and I would reject out of hand the claim that such a duty exists. By preserving the defendant's fourth claim of ineffective assistance for a possible postconviction proceeding we implicitly accept the existence of such a duty.

*Id.*, 2001 WL 810740, at *5-6 (Miller, J., dissenting in part). Procedendo issued on November 1, 2001.

Peppers filed his first PCR application on April 13, 2002, raising several ineffective-assistance claims. We affirmed the dismissal of his PCR application. *See Peppers v. State*, No. 07-0865, 2008 WL 2042504, at *1 (Iowa Ct. App. May 14, 2008).

Peppers filed a second PCR application in which he asserted his speedy-trial rights were violated and his first PCR counsel was ineffective in failing to raise the claim. *Peppers v. State*, No. 12-1197, 2013 WL 6116815, at *1 (Iowa

Ct. App. Nov. 20, 2013). The trial court dismissed the claim, and this court affirmed on appeal, observing:

> Peppers filed [his first] postconviction relief application raising several issues, including the claimed speedy trial violation. An attorney subsequently appointed to represent him filed a document waiving the speedy trial issue. The attorney mailed a copy of the document to Peppers. Following an evidentiary hearing, the district court filed an order noting, in part, that the speedy trial claim appeared to have been waived.
> . . . .
> In sum, Peppers, his direct appeal attorney, and his first postconviction attorney were aware of the claimed speedy-trial violation and had an "opportunity to test the validity of the conviction" on that basis. The fact that Peppers' postconviction counsel did not pursue the issue was a matter Peppers could have taken up with him at the time. He elected not to do so. We conclude he cannot revive the speedy-trial issue by belatedly repackaging it as an ineffective-assistance-of-counsel claim.

*Id.*, 2013 WL 6116815, at *1-2 (citations omitted). The ruling was consistent with *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) ("Section 822.3 creates an exception for untimely filed applications if they are based on claims that 'could not' have been previously raised because they were not available. In other words, the exception applies to situations in which there 'would be no opportunity to test the validity of the conviction in relation to [the ground of fact or law that allegedly could not have been raised within the time period].' A reasonable interpretation of the statute compels the conclusion that exceptions to the time bar would be, for example, newly-discovered evidence or a ground that the applicant was at least not alerted to in some way."); *see also Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995) ("The legal and factual underpinnings of each of Smith's claims were in existence during the three-year period and were available to be addressed in Smith's appellate and postconviction proceedings.").

Peppers then filed this third PCR application, again alleging a violation of his speedy-trial rights. The district court dismissed the application as time-barred under section 822.3. On appeal, Peppers acknowledges that if the starting point of the section 822.3 timeline is the date procedendo issued from his original appeal, then the three-year limitation took effect on October 29, 2004. This is the rule of Iowa, which we addressed in his last appeal:

> Iowa Code section 822.3 (2011)[2] states, in part, that applications for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Procedendo issued in 2001 and Peppers' second postconviction relief application was not filed until 2012. Therefore, the application was time-barred unless it fell within a statutory exception for "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

*Peppers,* 2013 WL 6116815, at *1.

Peppers' attempt to read ambiguity into the limitations period is not convincing, and we affirm the dismissal of his application as untimely.

**AFFIRMED.**

---

[2] The current code provision is identical.