# IN THE COURT OF APPEALS OF IOWA

No. 16-0008
Filed June 21, 2017

**RAYMOND LEE THOMAS JR.,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Des Moines County, Cynthia H. Danielson, Judge.

Raymond Thomas Jr. appeals the district court's summary dismissal of his fourth application for postconviction relief following his conviction for first-degree murder. **AFFIRMED.**

William R. Monroe of Law Office of William Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

In 1995, a jury found Raymond Thomas Jr. guilty of first-degree murder. This court affirmed his judgment and sentence in 1996, with procedendo issuing the same year. Eighteen years later, Thomas filed his fourth application for postconviction relief. The application, styled a "motion to correct illegal sentence," alleged "the brain is not fully developed until the age of 25" and Thomas "was 21 years old when said crime was committed," warranting resentencing under recent precedent governing juvenile sentencing. The State filed a motion for summary disposition asserting the application was time-barred and exceptions to the time bar did not apply. The postconviction court granted the motion, and this appeal followed.

Postconviction relief applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2015). "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id*. Thomas' PCR application was concededly filed outside the three-year limitations period.

We turn to the "ground of fact" exception to the time-bar. Thomas preliminarily contends this exception was not raised by the State. But the exception, if it applies, inures to the benefit of the applicant, not the State. In any event, the State raised the exception in its motion for summary disposition, asserting: "The Applicant is not alleging any ground of fact or law that applies to him. Applicant was 21 when he committed the offense."

Thomas states he did indeed raise a ground of fact that could not have been raised within the three-year limitations period—the delayed maturation of brains in young adults. But this fact issue has only been applied to sentences imposed on juvenile offenders, not to sentences imposed on adult offenders. *See State v. Sweet*, 879 N.W.2d 811, 840 (Iowa 2016) ("[A] juvenile offender who is resentenced based on evidence of rehabilitation acquired after full brain development has occurred may present a far better case for parole than an offender who has not completed brain development."); *State v. Lyle*, 854 N.W.2d 378, 397 (Iowa 2014) ("The nub of at least some of these cases is that juveniles are not fully equipped to make 'important, affirmative choices with potentially serious consequences.'" (quoting *Bellotti v. Baird*, 443 U.S. 622, 635 (1979))). Thomas concedes he was an adult when the crime was committed. Accordingly, the "ground of fact" exception to the time-bar based on incomplete juvenile brain development did not apply to him, and there was no basis for further developing the record on this fact issue.

Thomas also argues "the work of his Postconviction Attorney was not effective" and his omissions amounted to "structural error." His argument is based on counsel's failure to file a motion for leave to amend the postconviction relief application. The proposed amended application raised the same factual issue as his original application—delayed brain development. Thomas cannot "circumvent the three-year time-bar by claiming ineffective assistance of postconviction counsel." *Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995); *see also State v. Wilkins*, 522 N.W.2d 822, 824 (Iowa 1994) (rejecting

applicant's attempt to label his claim an ineffective-assistance-of-counsel "in the hope that the court will reach the merits").

Although Thomas' postconviction relief application was untimely and did not fall within the ground of fact exception to the time bar, he may "challenge the legality of a sentence at any time." *State v. Graham*, No. 15-1464, ___ N.W.2d ___, ___, 2017 WL 2291386, at *4 (Iowa 2017). As discussed, Thomas argues his "sentence was illegal" under recent precedent. *See Miller v. Alabama*, 132 S. Ct. 2455, 2475 (2012) ("[A] judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles. By requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory-sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment."); *Lyle*, 854 N.W.2d at 400-01 (holding "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause in article I, section 17 of our constitution").

The Iowa Supreme Court has declined to extend *Lyle* to young adults. *Lyle*, 854 N.W.2d at 403 (stating "our holding today has no application to sentencing laws affecting adult offenders"); *see also Sweet*, 879 N.W.2d at 839 (holding "*juvenile* offenders may not be sentenced to life without the possibility of parole" (emphasis added)). Because the precedent Thomas cites does not apply to him, Thomas' challenge to the legality of his sentence fails as a matter of law,

and the district court did not err in summarily disposing of the application.

**AFFIRMED.**