# IN THE COURT OF APPEALS OF IOWA

No. 16-1220
Filed June 21, 2017

**DANNY RAY LONG,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.

Danny Long appeals the district court's dismissal of his application for postconviction relief. **AFFIRMED.**

Patrick A. Sondag of Sondag Law, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

A jury found Danny Long guilty of two counts of first-degree robbery. This court affirmed his conviction in its entirety. *See generally State v. Long*, No. 99-1429, 2000 WL 1827178, at *1-6 (Iowa Ct. App. Dec. 13, 2000). Thirteen years after procedendo issued, Long filed his second postconviction relief application. The State moved for summary dismissal. The district court granted the motion after concluding Long "failed to file his application within the three-year statute of limitations provided under Iowa Code section 822.3" (2015) and "failed to raise a ground of fact or law that could not have been raised within the statute of limitations period."

Long filed a "motion for expanded findings and relief" pursuant to Iowa Rule of Civil Procedure 1.904. The district court denied the motion, and this appeal followed.

**I.      Timeliness of Appeal**

As a preliminary matter, the State argues Long's appeal is untimely because it was not "filed within 30 days after the filing of the final order or judgment." Iowa R. App. P. 6.101(1)(b). The State acknowledges Long filed a postjudgment motion to enlarge or amend that could extend the time for filing an appeal notice. *See id.* ("[I]f a motion is timely filed under Iowa R. Civ. P. 1.904(2) . . . , the notice of appeal must be filed within 30 days after the filing of the ruling on such motion."). But, in the State's view, the motion was not "proper." *See In re Marriage of Okland*, 699 N.W. 2d 260, 265-66 (Iowa 2005) ("[A]n . . . improper rule 1.904(2) motion cannot extend the time for appeal." (footnote omitted)).

The State is correct that a rule 1.904(2) motion is not available under certain circumstances and the filing of an improper motion will not toll the time for appeal. *Id.* at 265-66, 265 n.2.[1] But, "when used to obtain a ruling on an issue that the court may have overlooked, or to request the district court enlarge or amend its findings when it fails to comply with rule 1.904(1)," which requires written findings of fact and conclusions of law where the court is trying an issue of fact without a jury, "the motion is proper and will toll the time for appeal." *Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 669 (Iowa 2013).

The district court filed a succinct dismissal order. In his rule 1.904(2) motion, Long pointed to testimony and exhibits admitted at the dismissal hearing that, in his view, generated issues of material fact with respect to the legal issues he raised. In filing the motion, Long reasonably could have believed the court overlooked these facts. We conclude the motion was proper, the motion extended the time for filing a notice of appeal, and the notice of appeal was timely. Moreover, rule 1.904 was amended effective March 1, 2017, as was Iowa Rule of Appellate Procedure 6.101, to permit an appeal within thirty days of a ruling on such a motion without the necessity of examining the propriety of the motion. *See* Iowa R. Civ. P. 1.904 & cmt. (2017); Iowa R. App. P. 6.101 & cmt. (2017).

## II. Summary Dismissal

Generally, applications for postconviction relief

must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to

---

[1] As will be discussed, this case law has been superseded by rule.

a ground of fact or law that could not have been raised within the applicable time period.

Iowa Code § 822.3. Long concedes his postconviction relief application was filed well outside the three-year limitations period but relies on the "ground of fact" exception to the time-bar to raise a challenge to certain jury instructions. In his view, this exception applies because "he knew absolutely nothing about the instructional errors made during his trial within his limitations period."

Lack of awareness is not a basis for circumventing the time-bar. *See Lopez-Penaloza v. State*, 804 N.W.2d 537, 542 (Iowa Ct. App. 2011) (concluding subsequent discovery of matters that existed within limitations period, and thus available to be addressed then, are not a ground for exception from the statute of limitations); *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989) ("[H]is claimed lack of knowledge is not . . . a ground for exception from the effects of the statute of limitations.").

Long next argues his trial attorney was ineffective in failing to challenge the instructions at trial. Claimed ineffective assistance does not allow him to avoid the limitations period. *See State v. Wilkins*, 522 N.W.2d 822, 824 (Iowa 1994) (rejecting applicant's attempt to label his claim an ineffective-assistance-of-counsel claim "in the hope that the court will reach the merits"); *Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995) (stating applicant could not "circumvent the three-year time-bar by claiming ineffective assistance of postconviction counsel"). As this court stated in *Smith*, "The legal and factual underpinnings of each of Smith's claims were in existence during the three-year period . . . ." 542 N.W.2d at 854.

We also find no basis for Long's claim that "the errant [jury] instructions" generated structural error and this type of error should constitute an exception to the time-bar. The court of appeals rejected a similar assertion in *Avina v. State*, where we concluded section 822.3 "does not provide an exception for . . . 'structural errors.'" No. 11-1780, 2013 WL 1452949, at *3 (Iowa Ct. App. Apr. 10, 2013). We also declined to shoehorn a structural error analysis into the "ground of fact" exception to the time-bar because the applicant "knew, within the limitations period" of the underlying basis for the claimed structural error. *Id.* *Avina* is persuasive authority in support of our conclusion.

Finally, Long invokes the equitable tolling doctrine to avoid the time-bar. "We have not applied this doctrine to section 822.3." *James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014).

We affirm the summary dismissal of Long's postconviction relief application.

**AFFIRMED.**