# IN THE COURT OF APPEALS OF IOWA

No. 18-0450
Filed April 3, 2019

**PERRY ANDREW FISCHER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, David N. May, Judge.


Applicant appeals the summary dismissal of his postconviction-relief application. **AFFIRMED.**


Amanda Demichelis of Demichelis Law Firm PC, Chariton, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.


Considered by Vogel, C.J., and Vaitheswaran and Mullins, JJ.

**VOGEL, Chief Judge.**

Perry Fischer appeals the summary judgment ruling to dismiss his application for postconviction relief (PCR). He argues summary judgment was inappropriate as there were genuine issues of material fact, and he asserts his claims are not time-barred, despite the sixteen-year period between conviction and the application. In addition, Fischer raises ineffective-assistance claims against his trial counsel and PCR counsel. We find his claims are time-barred and reject his ineffective-assistance claims.

## I. Background Facts and Proceedings

Fischer was convicted of eight counts of third-degree sexual abuse on December 14, 2001, and sentenced to periods not to exceed ten years in prison for each count, to run consecutively, for a total of 80 years. The record indicates he did not file an appeal for this conviction. He filed his application for PCR on September 18, 2017. The State moved for summary judgment on December 12 and argued the application was barred by the statute of limitations. The district court granted summary judgment on February 15, 2018, finding Fischer's claim time-barred and no exception applied. He now appeals.

## II. Standard of Review

We review postconviction proceedings for errors at law, including summary dismissals of PCR applications. *Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011). We will find summary disposition appropriate "if the pleadings, dispositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Moon v. State*, 911 N.W.2d 137,

142 (Iowa 2018) (quoting Iowa R. Civ. P. 1.981(3)). "The moving party bears the burden of showing the absence of a genuine issue of material facts." *Id.* Moreover, "[w]e view the record in the light most favorable to the nonmoving party," and "[w]e draw all legitimate inferences from the record in favor of the nonmoving party." *Id.* However, "when a PCR petitioner claims ineffective assistance of PCR counsel, our review is de novo." *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018).

### III. Summary Judgment

Fischer argues the district court erred in granting summary disposition on his PCR application for two reasons. He first claims there was a genuine issue of material fact regarding whether there was a plea hearing or a trial on the minutes. He also argues a recent case from our supreme court changed the interpretation of Iowa Code section 822.3 (2017), and such interpretation defines a new exception that applies to Fischer's situation. *See Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018). The State argues any claim he has is time-barred and the cited case does not apply to Fischer's claim.

Iowa Code section 822.3 provides PCR "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Fischer was convicted in 2001, and he did not appeal. Therefore, Fischer's general three-year period to initiate PCR proceedings expired in 2004. *See* Iowa Code § 822.3.

However, Iowa Code section 822.3 provides the following exception: "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.* The exception is "for untimely filed applications if they are based on claims that 'could not' have been previously

raised because they were not available," such as "newly-discovered evidence or a ground that the applicant was at least not alerted to in some way." *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994). Fischer argues there were defects in the stipulation to the minutes of evidence and there were genuine issues of material fact as to whether he had a trial on the minutes of evidence or a plea hearing, such that his constitutional rights were violated. Any or all of these arguments could have been brought within the three-year statute of limitations period; therefore, we find none of these arguments present a "ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

Fischer next argues there is a new ground of law based on *Schmidt*, which Fischer claims altered the interpretation of Iowa Code section 822.3 to allow violations of due process rights to be filed and considered past the three-year period. *See* 909 N.W.2d at 798–99. Schmidt pleaded guilty to assault with intent to commit sexual abuse in April 2007, but he filed a PCR application in June 2014, which included an assertion that the victim had recanted his story. *Id.* at 782–83. Our supreme court found the victim's "recantation was not available to Schmidt within the three-year period following the date of his conviction and Schmidt could not have discovered the recantation earlier than he did in the exercise of due diligence." *Id.* at 799. Therefore, the court determined Iowa Code section 822.3 did not bar Schmidt's claim. *Id.*

In this case, all of Fischer's arguments were available to him within that three-year period. Fischer does not present any evidence that was not available or could not be discovered with due diligence within the three-year period. *See id.* Therefore, Fischer's claims are still time-barred under Iowa Code section 822.3

and *Schmidt* does not provide an additional exception that is applicable to Fischer. *See id.*

## IV. Ineffective Assistance of Counsel

Fischer next raises ineffective-assistance-of-counsel claims against his trial and PCR counsel. He "asserts that the cumulative effect of all errors by trial and PCR counsel worked to deprive him of a fair trial." Fischer claims his trial counsel was ineffective for spending very little time researching and investigating his case. Also, he raises several claims against trial counsel relating to his belief he had a plea hearing rather than a trial on the minutes. Next, he asserts PCR counsel was ineffective for failing to "obtain evidence, affidavits, depositions or transcripts of the prior proceeding," and failing to raise an ineffective-assistance-of-counsel claim against trial counsel.

Fischer's claims against trial counsel arose sixteen years before the PCR application was filed and thus, those claims are time-barred. *See* Iowa Code § 822.3. Moreover, Fischer's claim against PCR counsel does not protect the claims against trial counsel. *See Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995) (stating an applicant "cannot circumvent the three-year time-bar by claiming the ineffective assistance of postconviction counsel"). We also find PCR counsel was not ineffective for failing to raise a meritless issue. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

## V. Conclusion

We conclude summary judgment was appropriate because Fischer's claims are not within the three-year statute of limitations and no exception applies.

Additionally, we find Fischer's ineffective-assistance claims against trial counsel are time-barred and he failed to prove PCR counsel was ineffective.

**AFFIRMED.**