**IN THE COURT OF APPEALS OF IOWA**

No. 15-0534
Filed July 27, 2016

**ALBERT BENNY WHITESIDE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith,
Judge.

Albert Benny Whiteside appeals the dismissal of his postconviction-relief
application as untimely. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Albert Benny Whiteside appeals the dismissal of his postconviction-relief (PCR) application, alleging the PCR court erred in finding his application untimely. We affirm.

## I.    Background Facts and Proceedings

In 2000, a jury convicted Whiteside of kidnapping in the first degree and sexual abuse in the third degree. His conviction was affirmed on appeal. *See State v. Whiteside*, No. 00-941, 2001 WL 709540, at *5 (Iowa Ct. App. June 13, 2001). Whiteside filed his first PCR application in 2001, which was denied. The appeal of the denial was dismissed as frivolous and procedendo issued December 3, 2003.[1] Whiteside then filed a pro se PCR application in June 2011, which is now before this court.

In his application, Whiteside alleged, in relevant part, newly discovered evidence, prosecutorial misconduct for failing to disclose the criminal history of a State witness, and ineffective assistance of counsel based on trial counsel's failure to investigate the criminal background of the State witness. In June 2014, Whiteside filed pro se a document entitled "Legal Memorandum Concerning Brady Violation and Newly Discovered in Light of Liggins v. State." Whiteside alleged the State failed to disclose that the same State witness was a paid informant and reiterated that the witness had a criminal record the State had suppressed. In a forty-page pro se brief filed with the district court in support of

---

[1] In 2010, Whiteside filed a pro se motion to produce; it was summarily denied by the district court. Whiteside appealed, which the Iowa Supreme Court treated as an application for discretionary review and denied in January 2011.

his PCR application,[2] Whiteside repeatedly stated the purported newly discovered evidence consisted of the criminal record of the State's key witness.[3]

In January 2015, the State moved to dismiss the action as time-barred under Iowa Code section 822.3 (2011). Whiteside resisted, arguing the PCR application was based on the newly discovered evidence of the State witness's criminal history. The PCR court granted the State's motion on February 5, 2015. Whiteside filed a motion to amend or enlarge, which the PCR court denied. Whiteside appeals the PCR court's ruling and also asserts his PCR counsel was ineffective.

## II.      Standard and Scope of Review

PCR proceedings, including summary dismissal of PCR applications, are generally reviewed for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

We review ineffective-assistance-of-counsel claims de novo. *See State v. Tompkins*, 859 N.W.2d 631, 636 (Iowa 2015). In order to prove an ineffective-assistance-of-counsel claim, an appellant must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *Id.* at 637. We can resolve ineffective-assistance-of-counsel claims under either prong. *State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015).

---

[2] The pro se brief was filed with the PCR court on February 4, 2015, as an attachment to the resistance to the motion to dismiss. The State indicates the brief was originally filed in 2011 as part of the initiation of the PCR claim.
[3] Whiteside also makes reference in this brief to the witness having undisclosed aliases.

### III.     Analysis

Iowa Code section 822.3 provides that a PCR action must be commenced "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Whiteside contends he is exempt from this time limitation because the basis of his PCR claim is newly discovered evidence. *See* Iowa Code § 822.3 ("However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period."); *Perez v. State*, 816 N.W.2d 354, 360 (Iowa 2012) ("A reasonable interpretation of [Iowa Code section 822.3] compels the conclusion that exceptions to the time bar would be, for example, newly-discovered evidence or a ground that the application was at least not alerted to in some way." (citation omitted)). The alleged newly discovered evidence proffered by Whiteside on appeal is that a witness for the State at trial had a criminal record, was a paid police informant, and was possibly coerced by the State.

To fall within the section 822.3 time-bar exception, Whiteside must demonstrate "the alleged ground of fact could not have been raised earlier" and "a nexus between the asserted ground of fact and the challenged conviction." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). To show the facts could not have been raised earlier, Whiteside must prove "they were discovered after the verdict in his criminal trial and that they could not have been discovered earlier than they were discovered in the exercise of due diligence." *Id.* at 521.

With regard to Whiteside's substantive claim, a PCR application based on newly discovered evidence is subject to the same analysis as a motion for new trial based on the same. *See Schawitsch v. State*, No. 11-0743, 2012 WL

1439223, at *3 (Iowa Ct. App. Apr. 25, 2012) ("It is obvious the legislature intended the sufficiency of the showing necessary to obtain a new trial based on newly discovered evidence to be the same whether the ground is raised in a motion for new trial or in a postconviction application." (quoting *State v. Sims*, 239 N.W.2d 550, 555 (Iowa 1976))). To prevail on a newly-discovered-evidence claim, Whiteside must show the proffered evidence (1) was discovered after the verdict, (2) could not have been discovered "earlier in the exercise of reasonable diligence," (3) "is material to the issues in the case and not merely cumulative or impeaching," and (4) "probably would have changed the result of the trial in which [he] was convicted." *State v. Weaver*, 554 N.W.2d 240, 246 (Iowa 1996); *see also State v. Romeo*, 542 N.W.2d 543, 550 (Iowa 1996). While this standard applies to a substantive PCR claim based on newly discovered evidence under section 822.2(4), our supreme court has expressly rejected "any requirement that an applicant must show the ground of fact [under section 822.3] would likely or probably have changed the outcome of the underlying criminal case in order to avoid a limitations defense." *Harrington*, 659 N.W.2d at 520-21.

In granting the State's motion to dismiss, the PCR court determined the criminal-record evidence did not fall within the section 822.3 exception because it could have been discovered in the first PCR action, had the defendant "simply requested, pursuant to the rules of discovery in the Iowa Rules of Civil Procedure, that [the witness's] criminal history be revealed." We agree that there is nothing in the record that indicates this information could not have been discovered, in the exercise of reasonable diligence, at the time of trial or during Whiteside's first PCR action.

On appeal, Whiteside contends there were two additional pieces of newly discovered evidence: the witness was a paid informant and she was possibly coerced by the State.

As to the claim the State witness was a paid informant, Whiteside failed to assert this in his PCR application, brief in support of his PCR application, or in his resistance to the motion to dismiss. Following the court's ruling on the motion to dismiss, Whiteside, through counsel, filed a motion to amend or enlarge pursuant to Iowa Rule of Civil Procedure 1.904(2). Nowhere in this motion did Whiteside request that the PCR court consider the additional allegation that the State witness was a paid informant. Accordingly, this claim is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues ordinarily be both raised and decided by the district court before we will decide them on appeal. . . . When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal."); *see also Jerweng v. State Dep't of Human Servs.*, No. 13-1626, 2014 WL 3748542, at *2-3 (Iowa Ct. App. July 30, 2014) (finding error was not preserved on a claim that was not pled and to which the party made only a "passing reference" in its resistance to the State's motion to dismiss).

Further, Whiteside makes only one, unsubstantiated claim that the witness was a paid police informant—which appeared in the "Legal Memorandum" filed in June 2014 but was not otherwise referenced in Whiteside's PCR application or resistance to the State's motion to dismiss. Whiteside wholly failed to allege how this information was obtained, from whom this information was obtained, when

this information was obtained, and why it could not have been discovered in the exercise of reasonable diligence.

As to the claim of coercion, Whiteside did not assert before the PCR court that he had obtained newly discovered evidence that the State witness was coerced. Instead, Whiteside claimed evidence of the witness's criminal record would serve "not only just to attack her credibility and show that she's a dishonest person but to also show that [her] testimony was something coerced and motivated by the State's threat[s]." Whiteside's claim is, therefore, not that there is separate newly discovered evidence, but rather that the same alleged newly discovered evidence—that of the witness's criminal record—could be evidence of coercion. Further, this basis was not raised in his resistance to the motion to dismiss or in the motion to amend or enlarge.[4]

Finally, Whiteside alleges his PCR counsel was ineffective for failing to provide documents to the PCR court, failing to prepare for the PCR hearing, and failing to amend the pro se PCR application. But "an application for postconviction relief cannot circumvent the effect of the three-year time bar by

---

[4] On appeal, Whiteside also argues the PCR court failed to consider his claim that the State committed a *Brady* violation by withholding evidence about the witness. *See generally Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding the prosecution's failure to disclose evidence favorable to a defendant violates the Due Process Clause of the Fourteenth Amendment). But before the PCR court could consider the merits of Whiteside's claim, it was obligated to first consider the timeliness of the claim. *See Harrington*, 659 N.W.2d at 514 (determining first whether the PCR claim fell within the section 822.3 ground-of-fact exception and, having found it did, considering the *Brady* challenge on its merits). Moreover, Whiteside's only reference to *Brady* was in the "Legal Memorandum." It was not raised in the PCR application or in his resistance to the motion to dismiss. While Whiteside did allege "prosecutorial misconduct in not disclosing state key witness's lengthy criminal history" in his PCR application and brief, the PCR court rightly found this information could have been discovered by Whiteside in the exercise of due diligence. Again, Whiteside did not raise this alleged omission by the PCR court in his motion to amend or enlarge. *See Jerweng*, 2014 WL 3748542, at *2-3.

merely claiming the ineffective assistance of postconviction counsel." *Jackson v. State*, No. 12-1496, 2013 WL 4505114, at *2 (Iowa Ct. App. Aug. 21, 2013) (quoting *Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995)). "The 'ground of fact' exception does not extend to ineffectiveness of postconviction counsel of any kind—including postconviction appellate counsel." *Id.* As Whiteside's claims are untimely, we need not reach their merits. *See Dible v. State*, 557 N.W.2d 881, 884 (Iowa 1996) ("Because the 'ground of fact' exception . . . is limited to grounds that would likely have changed the result of the criminal case, such grounds may include the ineffectiveness of trial counsel, but cannot include the ineffectiveness of appellate or postconviction counsel."), *abrogated on other grounds by Harrington*, 659 N.W.2d 509.

For the foregoing reasons, we affirm the ruling of the PCR court.

**AFFIRMED.**