Delbert E. **WILKINS**, Appellee,

v.

**STATE of Iowa, Appellant.**

No. 93–1248.

Supreme Court of Iowa.

Oct. 19, 1994.

Rehearing Denied Nov. 21, 1994.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., and William H. Appel, County Atty., for appellant.

Kirk A. Daily, Webber, Gaumer, Emanuel & Daily, P.C., Ottumwa, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

The State was granted permission to appeal from a denial of its motion for summary disposition of Delbert Wilkins' second application for postconviction relief. The State contends Wilkins' application is time barred under Iowa Code section 822.3 (1993). We reverse the district court order and remand for summary disposition.

Wilkins has filed a second application for postconviction relief dated April 19, 1993. This application comes nine years after procedendo issued on his appeal affirming his conviction for first-degree murder. During that time he unsuccessfully pursued a first application for postconviction relief and a writ of habeas corpus in federal district court. He now claims he was denied effective assistance of first postconviction counsel.

In particular, Wilkins contends his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness and first postconviction counsel was ineffective for failing to raise trial and appellate counsel's ineffectiveness. Wilkins' claim essentially targets the failure of trial counsel to raise an issue involving the victim's shirt. Wilkins asserts that if the shirt had been preserved, and tested for powder burns, it would have supported his theory of self-defense by proving the victim was shot at close range and not from a distance. He also argues the absence of the shirt evidence provided the State with an improper presumption and inference that the fatal shot was fired from a distance.

The State argues Wilkins' application is time barred pursuant to Iowa Code section 822.3. Wilkins responds that his claim of ineffectiveness-of-first-postconviction-relief counsel could not have been raised within the three-year time limit of section 822.3 and is thus an exception to the time bar.

■ In considering statutory questions our review is to correct errors of law. *State v. Stanford,* 474 N.W.2d 573, 575 (Iowa 1991). To construe a statute, we examine both the language used and the purpose for which the legislation was enacted. *State v. Edman,* 444 N.W.2d 103, 106 (Iowa App.1989). A statute should be given a sensible, practical, workable and logical construction. *Id.*

■ Iowa Code section 822.3 (1993) provides:

> [A]pplications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. *However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.*

(Emphasis added.) Wilkins contends his claim comes within the exception to the time bar and cites *Odem v. State,* 483 N.W.2d 17 (Iowa App.1992), to support his argument. That case interpreted section 822.8 which provides:

> Any ground finally adjudicated or not raised [in] the proceeding that resulted in the conviction or sentence, or in any other proceeding [to] secure relief, may not be the basis for a subsequent application, *unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.*

(Emphasis added.) *Odem* held ineffective assistance of counsel constitutes "sufficient reason" for failure to raise an issue in an earlier trial or direct appeal. *Odem,* 483 N.W.2d at 19.

We believe *Odem* is inapplicable to our analysis because an essential distinction exists between sections 822.8 and 822.3. Whereas the language of section 822.8 presumes a timely filed application for postconviction relief and the prior availability of a claim, the language of section 822.3 clearly does not. Section 822.3 creates an exception for untimely filed applications if they are based on claims that "could not" have been previously raised because they were not available. In other words, the exception applies to situations in which there "would be no opportunity to test the validity of the conviction in relation to [the ground of fact or law that allegedly could not have been raised within the time period]." *Edman*, 444 N.W.2d at 106. A reasonable interpretation of the statute compels the conclusion that exceptions to the time bar would be, for example, newly-discovered evidence or a ground that the applicant was at least not alerted to in some way. *Hogan v. State*, 454 N.W.2d 360, 361 (Iowa 1990).

Wilkins labels his claim ineffective-assistance-of-postconviction-counsel in the hope that the court will reach the merits of his contention that his trial counsel was ineffective. However, his claims neither involve new evidence nor are they new legal claims. Wilkins had three opportunities to claim ineffectiveness of trial counsel before the time bar became enforceable against him. He could have raised it on appeal, in his postconviction action, and on appeal from denial of postconviction relief. Wilkins cannot assert ignorance of the claim because he should have at least been alerted to trial counsel's failure to raise the shirt issue and appellate and postconviction counsels' failure to raise ineffectiveness claims. *See Younger v. State*, 580 A.2d 552 (Del.1990) (Younger's present contention of ineffectiveness was available and was known, or *should* have been known, to him within the time limitation) (emphasis added); *Fuhrmann v. State*, 433 N.W.2d 720, 723 (Iowa 1988) (if matters raised in untimely postconviction application were not raised due to ineffective assistance of appellate counsel or failure to preserve error at trial, ineffective assistance could also have been raised within the time limitation).

We are aware of one jurisdiction that has addressed this particular issue. The Delaware courts have routinely held a claim of ineffective assistance of counsel is not sufficient to meet the "miscarriage of justice" exception to their three-year time limitation for a postconviction relief application. *See Johnson v. Ellingsworth*, 783 F.Supp. 215, 220 (D.Del.1992); Del.Super.Ct.Crim.R. 61(i)(1) and 61(i)(5).

We hold Wilkins' second postconviction application is time barred under section 822.3. We find this interpretation of the section based on the above discussion best promotes legislative intent "to limit postconviction litigation in order to conserve judicial resources, promote substantive goals of the criminal law, foster rehabilitation, and restore a sense of repose in our system of justice." *See Edman*, 444 N.W.2d at 106.

We reverse the district court ruling and remand this case for summary disposition.

**DISTRICT COURT ORDER REVERSED; CASE REMANDED FOR SUMMARY DISPOSITION.**