# IN THE COURT OF APPEALS OF IOWA

No. 3-1149 / 13-0109
Filed February 5, 2014

**PABLO BENAVIDEZ,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

Pablo Benavidez appeals from the dismissal of his second application for postconviction relief. **AFFIRMED.**

Susan R. Stockdale, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, John P. Sarcone, County Attorney, and Steve Foritano, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Pablo Benavidez appeals from the dismissal of his second application for postconviction relief. He argues the district court improperly found his application was barred by the statute of limitations and his trial counsel was ineffective in failing to object to jury instructions (and therefore his appellate and postconviction counsel were also ineffective by failing to raise the issue). We affirm, finding his application for postconviction relief is barred by our three-year statutory limitations period. We therefore do not address his second point of error.

## I.    Facts and Proceedings.

We have twice previously considered Benavidez's case; once on direct appeal (*State v. Benavidez*, No. 04-1782, 2005 WL 3478094 (Iowa Ct. App. Dec. 21, 2005)) and again on his first application for postconviction relief (*Benavidez v. State*, No. 08-2039, 2010 WL 1875710 (Iowa Ct. App. May 12, 2010)).

Benavidez was found guilty of first-degree murder after a jury trial in 2004; he appealed his conviction and our court affirmed on December 21, 2005. He sought further review, which was denied. Procedendo issued in 2006, and Benavidez filed an application for postconviction relief the following November. This application was denied, and he appealed. We affirmed the denial of that first postconviction application on May 12, 2010.

On December 9, 2010, Benavidez filed another application for postconviction relief, this time arguing his trial counsel was ineffective in failing to challenge the instructions given to the jury. A hearing on this application was held November 20, 2012. At the hearing, the State moved to dismiss, citing our

three-year statutory time bar on applications for postconviction relief. *See* Iowa Code § 822.3 (2011). The court granted the motion, but also heard the merits of Benadivez's claim, finding his counsel was not ineffective. Benavidez appeals.

## II. Analysis.

Our review is for the correction of errors at law. *Wilkins v. State*, 522 N.W.2d 822, 823 (Iowa 1994). Iowa Code section 822.3 reads that an application for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." This time bar does not apply "to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

Procedendo after Benavidez's first appeal issued in 2006; therefore, the latest time at which Benavidez could have filed an application for postconviction relief would be 2009, unless the application is based on a ground of fact or law he could not have raised during that time period. *See id.*

Benavidez first argues the State's motion to dismiss at trial under this section was untimely and should have been raised earlier in a responsive pleading. Our supreme court has rejected this argument. *Davis v. State*, 443 N.W.2d 707, 708 (Iowa 1989); *see also Furgison v. State*, 217 N.W.2d 613, 618 (Iowa 1974) (concluding our default-response rules of procedure "are inconsistent with and would serve no useful purpose in our postconviction review process").

He also argues his prior failure to raise his ineffective-assistance-of-trial-counsel claim is really tantamount to ineffective assistance of postconviction

counsel—therefore, he reasons, applying the three-year statute of limitations to this argument "relieves postconviction attorneys of the burden to identify viable issues and places the burden on the applicant." This argument has long been summarily rejected by our courts:

> [Claimant] labels his claim ineffective-assistance-of-postconviction-counsel in the hope that the court will reach the merits of his contention that his trial counsel was ineffective. However, his claims neither involve new evidence nor are they new legal claims. [Claimant] had three opportunities to claim ineffectiveness of trial counsel before the time bar became enforceable against him. He could have raised it on appeal, in his postconviction action, and on appeal from denial of postconviction relief.

*Wilkins,* 522 N.W.2d at 824. We affirm the district court's dismissal of Benavidez's second application for postconviction relief.

**AFFIRMED.**