**IN THE COURT OF APPEALS OF IOWA**

No. 13-0421
Filed March 12, 2014

**ERIC MEL THOMPSON,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Pottawattamie County, Mark J. Eveloff, Judge.

     Eric Thompson appeals from the dismissal of his application for postconviction relief. **AFFIRMED.**

     Brian S. Munnelly, Omaha, Nebraska, for appellant.

     Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Matthew D. Wilbur, County Attorney, and Margaret Popp-Reyes, Assistant County Attorney, for appellee State.

     Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**POTTERFIELD, P.J.**

Eric Thompson appeals from the dismissal of his application for postconviction relief. He argues the district court improperly held his claim was barred by our three-year statutory time limit. We affirm, finding his claim does not fall within the exceptions to our statutory time bar.

Thompson was convicted of first-degree kidnapping on January 27, 2000. He appealed to this court directly and we affirmed his conviction on December 22, 2000. *State v. Thompson*, No. 0–744, 2000 WL 1868961 (Iowa Ct. App. Dec. 22, 2000). His application for further review was denied and procedendo issued March 19, 2001. He filed a pro se application for postconviction relief in 2002 which was denied. He again appealed and we affirmed. *Thompson v. State*, No. 05–1231, 2006 WL 2419128 (Iowa Ct. App. Aug. 23, 2006). Thompson filed a second application for postconviction relief on July 30, 2012. He alleged flaws in the trial information and jury instructions. The district court denied his application, finding it was barred by our statutory limitation on postconviction actions. *See* Iowa Code § 822.3 (2011). He appeals from that dismissal.

Iowa Code section 822.3 requires applications for postconviction relief be brought within three years of procedendo; "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.* Our review of the district court's application of this code section "is to correct errors of law." *Wilkins v. State*, 522 N.W.2d 822, 823 (Iowa 1994).

> Section 822.3 creates an exception for untimely filed applications if they are based on claims that "could not" have been previously raised because they were not available. In other words, the exception applies to situations in which there would be no opportunity to test the validity of the conviction in relation to the

> ground of fact or law that allegedly could not have been raised within the time period. A reasonable interpretation of the statute compels the conclusion that exceptions to the time bar would be, for example, newly-discovered evidence or a ground that the applicant was at least not alerted to in some way.

*Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) (internal citation and quotation marks omitted).

Thompson makes no argument that the errors he complains of—error in the trial information and jury instructions—were not available to him within the three-year statutory period. While he argues the errors were "structural," this ignores the fundamental problem: Thompson has brought these claims more than ten years after procedendo issued and must show the issue could not have been raised during the three-year time period. We affirm the dismissal of his application.

**AFFIRMED.**