## IN THE COURT OF APPEALS OF IOWA

No. 15-1167
Filed August 31, 2016

**GEORGE PRENTISS III,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Clinton County, Stuart P. Werling,

Judge.

　　　George Prentiss appeals the district court's dismissal of his

postconviction-relief application. **AFFIRMED.**

　　　Les M. Blair III of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee State.

　　　Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

In 2001, a jury found George Prentiss guilty of first-degree murder and first-degree robbery. This court affirmed his judgment and sentence, and procedendo issued in 2003. *See State v. Prentiss*, No. 02-0053, 2003 WL 21360908, at *6 (Iowa Ct. App. June 13, 2003). In 2010, Prentiss filed the second of two postconviction-relief applications. The district court dismissed the application as time-barred. On appeal, Prentiss contends the dismissal was error.

Postconviction-relief applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2015). "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.*

Prentiss' application was not filed within three years of procedendo and failed to raise a ground of fact or law that could not have been raised within the applicable time period. As the district court noted, most of the facts underlying Prentiss' claims were known to him at the time of trial. Accordingly, the claims could have been raised within the applicable time period.

Apparently recognizing this hurdle, Prentiss attempts to raise the claims under an ineffective-assistance-of-counsel rubric. Our appellate courts have consistently rejected attempts to circumvent the time-bar in this fashion. *See Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) (noting the applicant "label[ed] his claim ineffective-assistance-of-postconviction-counsel in the hope that the court [would] reach the merits of his contention that his trial counsel was

ineffective" and concluding "his claims neither involve[d] new evidence nor [we]re they new legal claims"); *Jackson v. State*, No. 12-1496, 2013 WL 4505114, at *2 (Iowa Ct. App. Aug. 21, 2013) ("Our courts have repeatedly held that 'an applicant for postconviction relief cannot circumvent the effect of the three-year time bar by merely claiming the ineffective assistance of postconviction counsel.'" (citation omitted)). In line with this authority, we find Prentiss' efforts to repackage his allegations unavailing.

We affirm the district court's dismissal of Prentiss' postconviction-relief application.

**AFFIRMED.**