# IN THE COURT OF APPEALS OF IOWA

No. 15-1146
Filed October 12, 2016

**DAVID LEE TOMLINSON Jr.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Tama County, Sean W. McPartland, Judge.

The applicant appeals from the district court's dismissal of his third application for postconviction relief. **AFFIRMED.**

Carl Frederick Stiefel II, Victor, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Tomlinson appeals from the district court's dismissal of his third application for postconviction relief (PCR) as being time-barred. *See* Iowa Code § 822.3 (2013) ("All other applications must be filed within three years from the date . . . the writ of procedendo is issued.").

In 1999, Tomlinson was convicted of first-degree murder, second-degree murder, and flight to avoid prosecution. He filed a direct appeal, and his convictions were affirmed by the Iowa Court of Appeals in *State v. Tomlinson*, No. 99-1818, 2001 WL 58436, at *13 (Iowa Ct. App. Jan. 24, 2001). Procedendo issued on April 17, 2001.

Tomlinson filed his present application for PCR in September 2013. In it, Tomlinson asserted his constitutional rights were violated when his trial attorneys argued an insanity defense instead of presenting the defense that he was factually innocent, as Tomlinson wished. He asserts that the trial attorneys' failure to follow his wishes amounts to ineffective assistance and his other post-trial counsel have been ineffective for not raising the claim sooner.

The PCR court determined that Tomlinson's application was time-barred and dismissed it. We agree. Tomlinson's present application was not filed within the three-year period required by section 822.3, and Tomlinson has not offered any ground of fact or law that could not be raised within the time period. *See Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) (holding claims of ineffective assistance are not an exception to the time limit of section 822.3); *see also Holmes v. State*, No. 02-1100, 2004 WL 893338, at *3 (Iowa Ct. App. Apr. 28, 2004) ("It is the failure to raise the issue in a timely manner that results in the

statute of limitations running. Therefore, the statute of limitations is not tolled during the time period in which his first postconviction action was pending.").

**AFFIRMED.**