# IN THE COURT OF APPEALS OF IOWA

No. 16-2113
Filed August 2, 2017

**KENNETH LEE FREI,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Muscatine County, Mark D. Cleve, Judge.

Kenneth Frei appeals the dismissal of his untimely application for postconviction relief, arguing his guarantee of due process under both the Iowa and United States Constitutions was violated because he was never informed of the statutory postconviction relief limitation period.  **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

In 2011, Kenneth Frei pled guilty to five counts of lascivious acts with a child. Pursuant to the plea agreement, he was sentenced to five consecutive prison terms not to exceed ten years on each count. Frei was advised on the record he had a right to appeal within thirty days. Thereafter, Frei filed a motion for reconsideration of his sentence, which the court denied in February 2012. Frei did not file an appeal.

In February 2016, Frei filed a pro se application for postconviction relief (PCR). He asserted he had not been informed of the thirty-day time period to file an appeal, the victim's age was miscalculated leading the "prosecution to coerce a plea deal on false [pretenses]," two of the counts were for the same act in violation of double jeopardy, and there was "new evidence." The State subsequently filed a motion to dismiss Frei's application as untimely because it was filed past the deadline imposed by the three-year statute of limitations, Iowa Code section 822.3 (2016), and Frei's application made "no specific allegation that it raises a ground of fact or law which could not have been raised within the limitations period." Ultimately, the PCR court granted the State's motion, concluding that by operation of section 822.3, the State was entitled to dismissal of Frei's PCR application.

Frei now appeals, arguing the PCR court erred in dismissing his application because he was never informed by the sentencing court of the time limits for filing a PCR application. Frei maintains that not being informed of the statute of limitations violated his guarantee of due process under both the Iowa and United States Constitutions. He states error was preserved as

follows: "Timely notice of appeal was filed. Moreover, the [c]ourt's ruling specifically dismissed based on its reading of Iowa Code Section 822.3, therefore error was preserved. Filing of a motion to amend or enlarge is not necessary for preservation of appeal rights (I.R.C.P. 1.904(2))."

The State takes issue with Frei's claim of error preservation, noting that filing a "notice of appeal has nothing to do with error preservation." *State v. Lange*, 831 N.W.2d 844, 846-47 (Iowa Ct. App. 2013). The State also points out Frei never raised his due-process claim before the PCR court. This court further notes that, under certain circumstances, a motion to amend or enlarge pursuant to Iowa Rule of Civil Procedure 1.904(2) *is* necessary to preserve error on appeal. *See Lamasters v. State*, 821 N.W.2d 856, 862-63 (Iowa 2012) (noting a rule 1.904(2) motion must be filed if the "district court fails to rule on an issue properly raised by a party" by "the party who raised the issue").

Because Frei's due process issue concerning notice of the PCR statute of limitations was never raised before the PCR court, it is not preserved for our review. *See id.* Nevertheless, in an effort to stave off another potential PCR proceeding, we proceed to the merits of Frei's appellate claim. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (bypassing an error-preservation problem and proceeding to the merits of the appeal). Generally, we review the court's ruling on the State's statute-of-limitations defense for correction of errors of law. *See Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013). However, to the extent a constitutional issue is raised, our review is de novo. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012).

Frei reasons that because he is entitled under the United States Constitution to "not be deprived of life, liberty or property, without due process of law" and because that principle is applicable to the States, "it follows that [he] was denied due process by the sentencing [c]ourt's failure to notify him of the time requirements for filing an application for [PCR]." However, "[m]any of the constitutional safeguards guaranteed an individual in criminal trial proceedings are not granted to such an individual in subsequent postconviction proceedings." *Jones v. State*, 479 N.W.2d 265, 269 (Iowa 1991). In fact, "[s]tates have no obligation to provide this avenue of relief," and when they do, the federal constitution does not dictate "the exact form such assistance must assume. On the contrary, in this area States have substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review." *Pennsylvania v. Finley*, 481 U.S. 551, 557, 559 (U.S. 1987); *see also Montgomery v. Louisiana*, 136 S. Ct. 718, 746 (2016) (Thomas, J., dissenting) ("Because the Constitution does not require postconviction remedies, it certainly does not require postconviction courts to revisit every potential type of error."). A PCR applicant's "right to due process is not parallel to a trial right, but rather must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in [PCR]." *Dist. Attorney's Office v. Osborne*, 557 U.S. 52, 69 (2009).

Our legislature has provided to convicted criminals a statutory remedy for obtaining PCR, but it chose to limit the time frame for pursuing that remedy to three years, except where the applicant asserts "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code

§ 822.3; *see also Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994). The Iowa Supreme Court expressly found the legislature was within its discretion to determine the proper limitation period, and the court did not find the three-year limitation period unreasonable. *See Davis v. State*, 443 N.W.2d 707, 711 (Iowa 1989). Because PCR is only a statutory right and there is no statutory requirement that a convicted person be notified of the limitations period for bringing a PCR claim, Frei was not entitled to notice under either the federal or state constitutions. *See generally Saadiq v. State*, 387 N.W.2d 315, 321 (Iowa 1986) ("In viewing the fair notice requirement of due process, we apply the legal fiction that all persons of ordinary intelligence are presumed to know the law. Thus if a statute has sufficient publication that it is discoverable by reasonable means and it contains 'ascertainable standards to determine what it proscribes, then the actor can be held criminally liable for his conduct.'" (citations omitted)). Thus, even if Frei had preserved error on the issue, his claim has no merit. Accordingly, we affirm the PCR court's dismissal of Frei's PCR application as untimely.

**AFFIRMED.**