# IN THE COURT OF APPEALS OF IOWA

No. 17-1531
Filed August 15, 2018

**CHAD STECHCON,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Benton County, Chad A. Kepros (motion to dismiss) and Christopher L. Bruns (order), Judges.

Chad Stechcon appeals the district court's summary dismissal of his application for postconviction relief. **REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Chad Stechcon guilty of first-degree burglary, domestic abuse assault while using or displaying a dangerous weapon, and false imprisonment. This court affirmed Stechcon's convictions. *See State v. Stechcon*, No. 13-0049, 2013 WL 5951359, at *3-7 (Iowa Ct. App. Nov. 6, 2013). Procedendo issued on December 9, 2013.

The following year, Stechcon filed an application for appointment of counsel, requesting "competent counsel to properly prepare his Application for Post Conviction Relief, and bring the same into open court for a hearing." He also filed an application to proceed in forma pauperis and declaration in support. On April 17, 2014, the district court granted the applications. The court specifically noted, "Applicant did not include an actual Application for Post-Conviction Relief." The court cautioned Stechcon that, by appointing counsel, it was "making no ruling that Applicant has a colorable claim for post-conviction relief" but was "simply appointing [counsel] to represent Applicant to investigate whether Applicant has such a claim and, if so, to prepare, file, and prosecute the claim."

The "case" languished, and Stechcon was notified that it would be automatically dismissed pursuant to Iowa Rule of Civil Procedure 1.944. No action was taken and the case was dismissed. Later, counsel moved to have it reinstated and the motion was granted.

On February 14, 2017, postconviction counsel filed what he characterized as an "amended" postconviction-relief application, alleging trial counsel was ineffective in failing to call Stechon as a witness. The State moved to dismiss the application as untimely. Stechcon filed a reply acknowledging he "did not file an

application for postconviction relief, but instead, merely . . . filed, on April 7, 2014, an application to proceed in forma pauperis and an application for appointment of post-conviction relief counsel." He argued it would "be inequitable" to dismiss the case because the clerk of court assigned a case number to the matter.

The district court granted the dismissal motion, reasoning as follows:

> Applicant, who had counsel appointed to represent his interests as of April 17, 2014, was clearly informed that he must still prepare, file, and prosecute any alleged claim for post-conviction relief. . . . [O]n February 14, 2017, Applicant finally attempted to comply with the April 17 order. By that point in time, his claim was time barred as asserted by the State.

On appeal from the summary dismissal order, Stechcon concedes a postconviction relief application generally "must be filed within three years" of the issuance of procedendo, which in his case was "on or before December 13, 2016." *See* Iowa Code § 822.3 (2017) (stating an application for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued," unless the application raises "a ground of fact or law that could not have been raised within the applicable time period"). He seeks to circumvent the time bar by arguing his "court-appointed postconviction relief counsel was ineffective in failing to file his application for postconviction relief in a timely fashion."

The Iowa Supreme Court recently addressed applicants' efforts to sidestep the section 822.3 time bar by alleging ineffective assistance of counsel. *See Allison v. State*, 914 N.W.2d 866, 2018 WL 3198793, at *22 (Iowa 2018). The court held:

> [W]here a [postconviction-relief (PCR)] petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3

and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Id.* The court essentially invoked an equitable tolling doctrine to permit consideration of a second postconviction relief application. *Id.*

Although the black-letter holding of *Allison* does not apply here, the opinion also contained broad language about the need for effective counsel to pursue postconviction relief applications. *See id.* at ___ (noting "where the only counsel provided to an applicant has been ineffective, a violation of the statute [requiring counsel to be effective] occurs"); *id.* at ___ (discussing *Wilkins v. State*, 522 N.W.2d 822 (Iowa 1994) and its holding that an ineffective assistance of counsel claim did not fall into the exceptions to the section 822.3 time bar and stating the *Wilkins* court "gave no consideration to the constitutional implications of the ruling"); *id.* at ___ (discussing *Dible v. State*, 557 N.W.2d 881 (Iowa 1996), abrogated in part by *Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003), and its holding that the applicant failed to establish a ground of fact that could not have been raised under the three-year time bar and qualifying the *Dible* holding after noting it "gave no consideration to the fundamental constitutional interests at stake when an accused alleges ineffective assistance of trial counsel and the PCR proceeding is the first opportunity to raise the issue"). Stechon's ineffective-assistance-of-postconviction-counsel claim implicates this language. He is not challenging trial counsel's errors—errors he should have known about before the

expiration of the limitations period—but postconviction counsel's error in failing to timely file a postconviction application.

This brings us to *Lado v. State*, 804 N.W.2d 248, 251-52 (Iowa 2011), cited by Stechcon. There, the applicant filed a timely postconviction-relief application, which was dismissed pursuant to Iowa Rule of Civil Procedure 1.944. *Lado*, 804 N.W.2d at 250. The court held "[c]ounsel's failure to seek a continuance of the case, or to apply to have the case reinstated, resulted from abdication, not exercise, of professional judgment." Counsel therefore breached an essential duty resulting in the case being dismissed" and no showing of prejudice was required. *Id.* at 251.

The State argues *Lado* is inapposite because it presumed a timely postconviction application and Stechcon did not file a timely postconviction-relief application. But *Lado*'s holding turned on postconviction counsel's failure to file documents that would have avoided dismissal of the postconviction-relief application. Similarly, Stechon's ineffective-assistance claim turns on his postconviction attorney's failure to timely file an application that would have avoided summary dismissal of the postconviction application. In our view, there is no material difference between *Lado* and Stechon's case—both involved the failure of postconviction counsel to prevent dismissal of a postconviction relief application. Where Stechon is challenging counsel's failure to timely file the application, it would be anomalous to require a timely filed application before he could proceed.

Stechon's postconviction attorney was appointed for the express purpose of investigating and filing a postconviction-relief application. He filed an application

two months after the statutory deadline. Postconviction counsel abdicated his acknowledged duty to file a timely postconviction-relief application, effectively leaving Stechon without counsel. We conclude postconviction counsel breached an essential duty and the failure amounted to structural error. We reverse and remand for adjudication of the merits of Stechon's untimely filed postconviction relief application. *See id.* at 253; *Dockery v. State*, No. 13-2067, 2016 WL 351251, at *5 (Iowa Ct. App. Jan. 27, 2015) (reversing and remanding for consideration of substantive claims where "although three attorneys were appointed to represent Dockery in the PCR action, none made any substantive filings appropriate to a PCR action during the three-and-one-half years the action was pending").

**REVERSED AND REMANDED.**