**IN THE COURT OF APPEALS OF IOWA**

No. 17-1868
Filed December 19, 2018

**JEFFERY WHEELDON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Duane E.

Hoffmeyer, Judge.

The applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Marti D. Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Jeffery Wheeldon appeals from the denial of his application for postconviction relief (PCR).

In June 2002, Wheeldon was charged with murder in the first degree, attempted murder, and willful injury. He later filed a notice of defense, stating he intended to rely on the defense of insanity and listing the doctor he intended to call in support of that defense.

On October 31, a hearing was held on the issue of Wheeldon's competency. The parties submitted written records, including reports of evaluations from three mental-health experts. One of the experts, Dr. Bruce Gutnik, who evaluated Wheeldon on August 23 and August 29, diagnosed Wheeldon with Schizoaffective Disorder and opined that Wheeldon was not competent to stand trial. The doctor based this, in part, on Wheeldon's symptoms of psychosis and auditory hallucinations. The other two experts, Dr. Y Scott Moore—who evaluated Wheeldon on October 25—and Dr. Mario J. Scalora—who evaluated Wheeldon on September 6 and October 25—opined that Wheeldon was competent to stand trial. Dr. Scalora stated:

> While Mr. Wheeldon's mental condition would place him at a higher risk for decompensation when under stress, Mr. Wheeldon's improved mental status with recent changes in medication as well as his self-report suggests that he presents with the requisite skills to manage potential stressors if he remains medication compliant. . . . His mental functioning has improved significantly during the course of this evaluation.

Before the district court issued a ruling on Wheeldon's competency, Wheeldon accepted a plea agreement and entered guilty pleas to murder in the second degree and attempted murder.

After a colloquy with Wheeldon, including discussion of his mental-health history and the fact that one doctor did not believe he was competent to stand trial, the court accepted Wheeldon's guilty pleas. The same day, the court sentenced Wheeldon to a fifty-year term of incarceration and a twenty-five-year term; the court ordered Wheeldon to serve the two sentences consecutively. Wheeldon did not file a direct appeal.

Then, in December 2011, Wheeldon filed his first application for PCR, in which he argued he was incompetent at the time of the plea and sentencing hearing. The State resisted Wheeldon's application, arguing it was time-barred due to the statute of limitations. *See* Iowa Code § 822.3 (2011) ("All other applications must be filed within three years from the date the conviction or decision is final . . . ."). The PCR court granted the State's motion for summary disposition, and Wheeldon appealed. A panel of our court recognized, "If Wheeldon were incompetent at the time of his plea and sentencing, and for a period of years thereafter, he would not have been aware of his incompetency until after the statute had limitations had passed." *Wheeldon v. State*, No. 12-0598, 2013 WL 2107300, at *2 (Iowa Ct. App. May 15, 2013). The court determined Wheeldon had provided sufficient evidence that "a question of material fact exists as to whether [he] was incompetent and could not have been alerted to the question in a timely manner." *Id.* The court reversed the PCR court's summary disposition of the application and remanded for an evidentiary hearing on the merits of the application. *Id.*

The evidentiary hearing took place in August 2017. In the PCR court's written ruling, it found that Wheeldon had not proved he was incompetent at the

time of his plea, sentencing, or during the subsequent three-year period for filing his PCR application. In other words, the court found Wheeldon had failed to establish the application could not have been filed within three years of the date of his conviction becoming final and, thus, did not meet an exception to the three-year statute of limitations.

Wheeldon appeals, arguing the PCR court's conclusions regarding his competency are in error. While Wheeldon asserts a number of constitutional claims, we must first consider whether Wheeldon's application is time-barred. We review the PCR court's ruling on the application of the statute of limitations for correction of errors at law. *See Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013). "Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.*

The law presumes a defendant to be competent; the burden is on the defendant to prove otherwise. *State v. Mann*, 512 N.W.2d 528, 531 (Iowa 1994). The critical questions in determining whether a defendant is competent to stand trial is whether the defendant has the ability—at the time in question—to "(1) appreciate the charge, (2) understand the proceedings, and (3) assist effectively in the defense." *State v. Edwards*, 507 N.W.2d 393, 395 (Iowa 1993). The competency standard for pleading guilty is the same as the competency standard for standing trial. *See Godinez v. Moran*, 509 U.S. 389, 397 (1993); *see also State v. Cooley*, 608 N.W.2d 9, 17 (Iowa 2000).

After reviewing the record, we find substantial evidence supports the PCR court's finding that Wheeldon was competent at the time of his guilty plea and sentencing. While one doctor opined Wheeldon was not competent to stand trial,

that doctor did so after evaluating Wheeldon in August 2002. Then, on October 18, the psychiatrist who worked at the jail switched Wheeldon back to the medication Zyprexa. According to the doctor's notes, Wheeldon "has good response to Zyprexa, markedly improved. (Was on Thorazine [until] 10/18/02—started on Zyprexa has been doing well)." Dr. Scalora, who evaluated Wheeldon on September 6—before his prescription was changed to Zyprexa—and October 25—a week after the medication changed—opined that Wheeldon was competent following the second evaluation. Importantly, Dr. Scalora noted, "[Wheeldon's] mental functioning has improved significantly during the course of this evaluation." Dr. Moore, who also evaluated Wheeldon after the medication changed, also found Wheeldon to be competent.

Wheeldon's own testimony, both at the PCR hearing in 2017 and at his plea hearing in 2002, also supports this finding. At the plea proceeding, the court asked Wheeldon, "And are you satisfied that—in your own mind that you're clear-headed today and that you are able to understand everything that we've talked about?" Wheeldon responded, "Yes, sir. I've—I've had my medication increased from what it used to be. It's double of what I used to take." When the court asked Wheeldon how long it had been since the medication change was made, Wheeldon responded, "For a week and a half I think or two weeks." Additionally, at the PCR hearing, when his counsel asked him if he remembered experiencing any hallucinations in the time period before he pled guilty, Wheeldon initially testified he was having them up to the day before or the day of his guilty-plea hearing. However, he later clarified that he remembered having hallucinations "right up

about a week before it or two weeks"—the same time frame when his medication was changed.

In a deposition taken for the purpose of the PCR hearing, Wheeldon's trial counsel testified he remembered Wheeldon "would answer [his] questions, and frankly, he would answer [the] questions in a manner which led [the attorney] to believe [Wheeldon] perfectly understood what [the attorney] was asking him." The attorney also testified that while he did not believe a competency hearing would have been frivolous at the time of the plea hearing, he also believed Wheeldon was competent to enter the guilty pleas at the time Wheeldon did so. In reviewing the transcript from the plea hearing, Wheeldon was able to both appropriately answer the court's questions and engage in a discussion with the court about the crimes he committed and his mental-health history.

We also agree with the PCR court that Wheeldon did not provide substantial evidence to establish that he was incompetent for the three years following the time his conviction became final. *See Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003) ("In addition to the obvious requirement that *an applicant* relying on section 822.3 *must show* the alleged ground of fact could not have been raised earlier, the applicant must also show a nexus between the asserted ground of fact and the challenged conviction." (emphasis added)); *see also Cornell v. State*, 529 N.W.2d 608, 611 (Iowa Ct. App. 1994) ("Our appellate courts have previously observed that the objective of the escape clause of section 822.3 is to provide relief from the limitation period when an applicant had 'no opportunity' to assert the claim before the limitation period expired."). Wheeldon's only evidence regarding his mental state in the years following his convictions was that he was placed in

Oakdale on the special-needs unit and remained at Oakdale for three years. While there, he continued to take Zyprexa and another medication. Wheeldon offered no medical reports. He testified that he experienced "some" hallucinations while at Oakdale but also testified that about one and a half years after he was sent to Oakdale, "they put [him] with the regular inmate status." The mere existence of mental illness is not sufficient to establish incompetency. *See State v. Einfeldt*, 914 N.W.2d 773, 783 n.3 (Iowa 2018) ("[E]ven the presence of mental illness at trial, in and of itself, is not necessarily sufficient to trigger the requirement of a competency hearing . . . . The present mental illness must be sufficient to give rise to a serious question as to whether the defendant meaningfully understands the charges and is capable of assisting in his defense.").

Substantial evidence supports the PCR court's finding that Wheeldon was mentally competent at the time he entered his guilty pleas, and Wheeldon has not established he was incompetent for the three years that followed. Thus, because Wheeldon could have timely raised his claims, his application does not meet an exception to the three-year statute of limitations. *See* Iowa Code § 822.3 ("However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period."); *see also Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) ("A reasonable interpretation of the statute compels the conclusion that exceptions to the time bar would be, for example, newly-discovered evidence or a ground that the applicant was at least not alerted to in some way.").

The PCR court did not err in its determination that Wheeldon's PCR application does not fall within an exception to the three-year statute of limitations.

Because Wheeldon's application is time-barred, we do not consider the merits of his other claims. We affirm the district court's dismissal of Wheeldon's application as untimely.

**AFFIRMED.**