# IN THE COURT OF APPEALS OF IOWA

No. 18-1124
Filed March 6, 2019

**TROY ALAN HARTSON,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Lars Anderson and Chad Kepros, Judges.

Troy Hartson appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Wallace L. Taylor of Law Offices of Wallace L. Taylor, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Troy Hartson appeals the dismissal of his application for postconviction relief (PCR) on statute-of-limitations grounds. He argues his application is based on newly-discovered evidence and he is therefore excepted from the statute of limitations. *See* Iowa Code § 822.3 (2017) (noting "limitation does not apply to a ground of fact . . . that could not have been raised within the applicable time period"); *see also Moon v. State*, 911 N.W.2d 137, 143–45 (Iowa 2018) (discussing ground-of-fact-exception in relation to newly-discovered evidence); *Harrington v. State*, 659 N.W.2d 509, 520–21 (Iowa 2003) (same). He also argues the court erred in dismissing his application without affording him a hearing.

In 2004 and 2005, Hartson was charged with second-degree sexual abuse and lascivious acts with a child. *State v. Hartson*, No. 05-1390, 2006 WL 1751028, at *1 (Iowa Ct. App. June 28, 2006). Hartson moved for a competency hearing prior to trial, he was evaluated, the district court found him competent to stand trial, and he was ultimately convicted. *Id.* at *1–2. In 2006, this court affirmed the competency finding and Hartson's convictions. *Id.* at *3.

Hartson filed a pro se PCR application in September 2017.[1] The claim he raised in his application relevant to this appeal was that medical professionals were dishonest in their testimony at his competency hearing, as shown by the allegation that "immediately after [his] incarceration, contrary to their stated diagnosis for the court," the same medical professionals began treating him for the same issues he claimed rendered him incompetent to stand trial. The State moved for dismissal,

---

[1] Hartson has filed various PCR applications over the years.

arguing, among other things, Hartson's application was barred by the three-year statute of limitations contained in Iowa Code section 822.3.

In January 2018, the court entered a proposed dismissal ruling generally concluding that the alleged newly-discovered evidence was available to Hartson within the limitations period and Hartson therefore was not excepted from the statute of limitations. The court allowed Hartson thirty days to submit a response to the proposed dismissal order. Hartson's court-appointed counsel filed an amended application referencing, among other things, "material new evidence of client's mental condition as stated in his pro se application." PCR counsel moved for a hearing on dismissal. The State filed a supplemental motion to dismiss the amended application, which Hartson resisted. The court denied the request for a hearing, but allowed Hartson the opportunity to supplement his resistance to dismissal. Hartson did not do so. In June, the court entered an order dismissing Hartson's PCR application. Hartson appeals. Our review is for correction of errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

On appeal, Hartson argues the fact that he "was immediately placed in psychiatric custody in prison and treated for the very conditions the witnesses minimized" at his competency hearing amounts to newly-discovered evidence sufficient to entitle him to the ground-of-fact exception to the three-year statute of limitations. However, Hartson is not entitled to tolling if the ground of fact could "have been raised within the applicable time period." *See* Iowa Code § 822.3. The ground of fact alleged here became known to Hartson, according to his application, "immediately after [his] incarceration" commenced. Consequently, this is not a "ground of fact . . . that could not have been raised within the applicable time

period." *Id.* It could have been raised within the limitations period and therefore does not serve to toll the statute of limitations. *See Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) (noting exception is limited to "a ground that the applicant was at least not alerted to in some way").

We turn to the claim that the district court erred in dismissing the application without a hearing. The district court followed the dismissal procedure contained in paragraph two of Iowa Code section 822.6 by advising of its intention to dismiss the application and the reasons for dismissal, and providing Hartson an opportunity to respond. This is all that is required under a paragraph two dismissal. *See Anderson v. State*, No. 16-0394, 2016 WL 7393900, at *2–3 (Iowa Ct. App. Dec. 21, 2016). In any event, the requirements of section 822.6 do not apply to dismissals on statute-of-limitations grounds, and Hartson only appears to argue he was entitled to a hearing on the claim involved in this appeal, which was dismissed on that ground. *See id.*; *Ramirez v. State*, No. 13-1847, 2015 WL 4936386, at *2 (Iowa Ct. App. Aug. 19, 2015).

We affirm the dismissal of Hartson's PCR application.

**AFFIRMED.**