**IN THE COURT OF APPEALS OF IOWA**

No. 19-1877
Filed October 6, 2021

**RICKY JOE BLODGETT,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Mahaska County, John G. Linn, Judge.


Ricky Joe Blodgett appeals the denial of his fourth application for postconviction relief. **AFFIRMED.**


William Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.


Considered by May, P.J., Greer, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

In 2002, a jury found Ricky Joe Blodgett guilty of robbery in the first degree and burglary in the first degree. We affirmed his convictions and sentences on direct appeal. *See State v. Blodgett*, No. 03-0229, 2003 WL 22900539, at *1–3 (Iowa Ct. App. Dec. 10, 2003). Procedendo on his direct appeal issued April 7, 2004.

Thereafter, Blodgett filed a series of unsuccessful applications for postconviction relief (PCR). He filed his first PCR application on May 3, 2004. The district court denied his application, and we affirmed the denial on appeal. *See Blodgett v. State*, 05-2137, 2007 WL 1201755, at *1–3 (Iowa Ct. App. Apr. 25, 2007). Procedendo on his first PCR appeal issued May 31, 2007. His second PCR application was filed August 10, 2009, and dismissed February 2, 2011. His third PCR application was filed October 26, 2015, and dismissed February 1, 2017.

Blodgett filed his fourth and current PCR application on May 9, 2018,[1] claiming his trial and prior PCR counsels provided ineffective assistance. After a hearing, the district court denied Blodgett's application as barred by the statute of limitations. He appeals. We apply de novo review to a PCR claim of ineffective assistance of counsel. *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018).

Generally, a PCR application is timely only if filed within three years of procedendo issuing on the direct criminal appeal. *See* Iowa Code § 822.3 (2018). "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.* This exception applies to

---

[1] The district court found the filing date was May 9, 2018. Blodgett asserts his current PCR action began with his pro se document filed January 29, 2018.

"claims that 'could not' have been previously raised because they were not available." *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994). Blodgett points to his expert's opinion questioning the accuracy of eyewitnesses who identified him as the offender, but he offers no explanation of why this opinion could not have been raised within the three-year limitation period. His allegations that his prior counsels were ineffective also do not create a new ground of fact or law to trigger the exception. *See Dible v. State*, 557 N.W.2d 881, 886 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003).

Additionally, Blodgett argues his application is timely because his current claim that his prior counsels were ineffective allows this PCR application to relate back to a time within the three-year limitations period.[2] *See Allison*, 914 N.W.2d at 891. However, relation back under *Allison* only applies when a successive PCR application is "filed promptly after the conclusion of the first PCR action." *Id.* The district court began by finding, "Blodgett's second PCR action was not 'promptly filed' because it was filed more than two years after the conclusion of the first PCR action." It also found his third PCR application was not promptly filed because it was filed more than four years after the dismissal of his second PCR application. Finally, the court found fifteen months passed between dismissal of Blodgett's third PCR action and the filing of the current PCR action, although Blodgett argues the gap is only eleven months based on his earlier pro se filing. Even if we assume

---

[2] An amendment to section 822.3 states, "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." This amendment took effect July 1, 2019, after Blodgett filed his current PCR application. *See* 2019 Iowa Acts ch. 140, § 34. The State does not argue this 2019 amendment bars his relation-back argument.

Blodgett is correct and the time between dismissal of the third action and filing of the fourth action is the applicable time under *Allison*, an eleven-month gap is not "filed promptly." *See id.*; *see also Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (collecting cases considering when a PCR application is "filed promptly"). Moreover, our court has repeatedly held that "*Allison* only applies to a 'second PCR petition.'" *Dixon v. State*, No. 19-1886, 2021 WL 1907152, at *2 (Iowa Ct. App. May 12, 2021) (quoting *Allison*, 914 N.W.2d at 891) (collecting cases), *further review denied* (July 7, 2021). So *Allison* could not apply to Blodgett's current PCR action, his fourth. *Harrington v. State*, No. 19-1102, 2021 WL 210976, at *3 (Iowa Ct. App. Jan. 21, 2021) (noting we have "repeatedly held *Allison* does not apply to third or subsequent PCR actions" and collecting cases); *see also Allison*, 914 N.W.2d at 898 (Waterman, J., dissenting) (opining the "exception to the three-year time-bar will swallow that time-bar," which could "open[ ] the floodgates to stale PCR actions").

Finally, Blodgett argues he was actually innocent of the charges. *See Schmidt v. State*, 909 N.W.2d 778, 795 (Iowa 2018) (recognizing free standing claims of actual innocence). This actual-innocence argument is not preserved for our review because the PCR court from which this appeal stems did not rule on this argument. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Even if it were preserved for our review, a timely actual-innocence claim must be based on a new ground of fact in addition to the new ground of law announced in *Schmidt*. *See* 909 N.W.2d at 798–99; *see also Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct.

App. 2020) (collecting cases).  As explained above, Blodgett has not provided a new ground of fact to overcome the three-year limitation period.  Therefore, even if his actual-innocence claim were preserved for our review, it would still be time barred.

Because Blodgett's entire PCR application is barred by the statute of limitations, we affirm the denial of his application.  We do not reach his additional pro se claims.

**AFFIRMED.**