# IN THE COURT OF APPEALS OF IOWA

No. 21-0755
Filed May 25, 2022

**ROBERTO VILLASENOR,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.


        Roberto Villasenor appeals the summary dismissal of his application for postconviction relief. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.


        Considered by Schumacher, P.J., Badding, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**POTTERFIELD, Senior Judge.**

On July 3, 2012, Roberto Villasenor accepted a plea offer and pled guilty to two counts of lascivious acts with a child and an enhancement under Iowa Code section 901A.2 (2011).[1]  Villasenor agreed to serve consecutive prison terms and requested immediate sentencing.

Villasenor filed an application for postconviction relief (PCR) on June 11, 2018, and an amended PCR application in January 2020, requesting a new trial due to newly-discovered evidence and ineffective assistance of counsel. Villasenor asserted defense counsel failed to share DNA reports with him and explain to him the consequences of his special sentence prior to his guilty plea.

The State filed a motion for summary disposition, asserting the application was time-barred.  In support, the State provided defense counsel's affidavit, which stated she obtained DNA reports through discovery from the Division of Criminal Investigation and discussed the DNA results with Villasenor.  Defense counsel also stated she hand-delivered to Villasenor a letter on July 2, 2012, "describing the terms of the plea agreement he had reached with the State.  Mr. Villasenor read the letter and signed it to indicate his understanding of the plea agreement.  I answered all of his questions and he decided to go through with the plea on the following day."

The written petition to plead guilty shows Villasenor's initials acknowledging the applicability of the special sentence:

---

[1] He was originally charged with three counts of third-degree sexual abuse, alleging he committed sex acts with a thirteen-year-old.  The State agreed to a reduced charge for two counts and the dismissal of the third.

1. I want to plead guilty and I understand that the crime I am pleading to is a sexual offense.
2. I understand that under Iowa law, there are special rules that apply to sexual offenses.
3. I understand that the following special rules apply to my guilty plea in this case:
   a. This crime is NOT a forcible felony, meaning that the court has authority to grant me probation or a deferred judgment. Iowa Code Section 702.11(2)(c).
   b. I will be required to *register as a Sex Offender for the rest of my life*. Iowa Code Chapter 692A101(1)(a)(4), 692A.106(5). I understand that I would be required to register as a sex offender in any other state (or country) in which I resided that had sex offender registry laws. These registration requirements are the same, even if I am granted a deferred judgment. Iowa Code Section 692A.101(7).
   c. Unless I am granted a deferred judgment, I will be subject to a *special sentence* in addition to any other sentence imposed by the court. This special sentence will begin after my regular sentence and would last *for the rest of my lifetime* during which time, I will be supervised as if I was on parole. If I violate parole rules, I could be sentenced to prison. Iowa Code Section 903B.1.
   d. I understand that I COULD be required to submit to *electronic monitoring*. Iowa Code Chapter 692A.124.
   e. I will be required to submit a *DNA sample* to the state (and national) DNA databases. Iowa Code Sections 81.1 – 81.10.
   f. I understand that if I were ever sentenced to prison on this charge and required to attend sex offender treatment that if I *failed to cooperate or complete sex offender treatment, I would be required to serve 100%* of my sentence. Iowa Code Chapter 903A.2(1)(a).
   g. I understand that if I were ever sentenced to prison on this charge I COULD be evaluated for, and subject to, *civil commitment proceedings* upon completing a prison sentence. Iowa Code Chapter 229A.
   h. I understand that this crime is a *Sexually Predatory Offense* and that if I were ever convicted of another sexually predatory offense, the punishments for that crime could be much more serious because of this conviction. Iowa Code Chapter 901A. This is true even if I am granted a deferred judgment in this case. Iowa Code Chapter 901A.1(2)
   i. The victim of my crime was a minor. I understand that I will be barred under Iowa Law from going certain places and doing certain things. These are called *Exclusion Zones and Activities*. Iowa Code Chapter 692A.113. I could not, for example, go to or work at a school or child care facility. If I did go to such places, or engage in such activities, I would have committed a new crime and it would also be a violation of probation or parole. This is true even if I am granted a deferred judgment. Iowa Code Section 692A.101(7).
4. I understand each of the special rules set out above. Understanding those rules, I still wish to enter a guilty plea.

The order adjudicating Villasenor guilty and entering sentence addresses the special sentence:

> Further, defendant is advised that the offense of conviction is a sexually predatory offense within the meaning of Chapter 901A of the Iowa Code. This conviction will be used to enhance any future convictions for any sexually predatory offense as described in Iowa Code section 901A.2.
>
> IT IS FURTHER ORDERED that the defendant is sentenced to a special sentence committing him into the custody of the director of the Iowa Department of Corrections for the rest of his life, with eligibility for parole as provided in chapter 906. The special sentence shall commence upon completion of the sentence imposed for the underlying criminal offense. The defendant shall begin the sentence

under supervision as if on parole pursuant to Iowa Code Section 903B.1.

Villasenor resisted the State's motion to dismiss his PCR application; but, despite receiving a number of continuances to do so, Villasenor failed to file an affidavit to support his resistance.

On May 26, 2021, the district court ruled the State met its burden to show the nonexistence of a material fact; the record indicates Villasenor had notice of the factual grounds for his PCR application and could have filed his application within the limitations period. The district court also concluded that even if equitable estoppel would be recognized in PCR proceedings it did not apply here because "[c]ourts applying the discovery rule toll the statute of limitations until 'the plaintiff knows or should have known facts that put the plaintiff on inquiry notice that a claim may be present.'" *Mormann v. Iowa Workforce Dev.*, 913 N.W.2d 554, 566 (Iowa 2018). Because "Villasenor provided no evidence to contradict his former attorney's affidavit testimony" the PCR application was time-barred and was summarily dismissed.

Villasenor appeals, contending he was unable to raise his claims within three years after his conviction because he did not have possession of the DNA reports[2] within the three-year time limit and there is a factual dispute as to whether he was adequately advised of the conditions of the life-time special sentence that the court imposed. Villasenor contends equitable tolling should be applied to excuse the limitation period.

---

[2] Villasenor does not assert the DNA reports exonerate him.

We review summary PCR dispositions for correction of errors at law. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). To the extent Villasenor raises a constitutional claim as a basis for relief, our review is de novo. *See id.* In deciding whether summary disposition is proper, we ask whether the State would prevail on a motion for summary judgment. *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). The State, as the moving party, bears the burden of showing that no genuine issue of material fact exists. *Id.*

PCR actions "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2020). An exception is made for applications claiming "a ground of fact or law that could not have been raised within the applicable time period." *Id.* Villasenor's claim of newly-discovered evidence could invoke the ground-of-fact exception if the alleged ground of fact could not have been raised earlier. *See Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) (noting this exception allows the court to consider "untimely filed applications if they are based on claims that 'could not' have been previously raised because they were not available" and concluding "Wilkins cannot assert ignorance of the claim because he should have at least been alerted to trial counsel's failure to raise the shirt issue"). Even viewing the record in the light most favorable to Villasenor, we agree Villasenor has failed to rebut the State's showing it was entitled to judgment as a matter of law. We affirm without further opinion. *See* Iowa Ct. R. 21.26(a), (d), (e).

**AFFIRMED.**