# IN THE COURT OF APPEALS OF IOWA

No. 23-1273
Filed August 21, 2024

**DEWANN MARQUISE STONE,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.


　　An applicant appeals the dismissal of his untimely third application for postconviction relief. **AFFIRMED.**


　　Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

　　Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.


　　Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

A Polk County jury convicted Dewann Marquise Stone of first-degree murder, and this court affirmed on direct appeal. *See State v. Stone*, No. 07-1009, 2008 WL 4724865, at *2, *7 (Iowa Ct. App. Oct. 29, 2008). Procedendo issued in December 2008. This court then affirmed denial of Stone's first and second applications for postconviction relief in 2017 and 2021, respectively. *See Stone v. State*, No. 16-0136, 2017 WL 3077917 (Iowa Ct. App. July 19, 2017); *Stone v. State*, No. 20-1056, 2021 WL 3395045 (Iowa Ct. App. Aug. 4, 2021). This appeal concerns Stone's third application, filed December 2022, which the district court dismissed as time-barred. We review for correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003).

Stone argued below that his application was supported by new grounds of law or fact. *See* Iowa Code § 822.3 (2022). And he argues on appeal that he was entitled to an evidentiary hearing because he alleged ineffective assistance. We disagree. This application is more than a decade past the three-year statute of limitations, and the General Assembly has made clear "[a]n allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." *Id.*; *see also Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) (holding ineffective assistance is not a new ground of fact or law). We discern no error in dismissal of this application without an evidentiary hearing. *Cf. Cropp v. State*, No. 17-1952, 2019 WL 3943992, at *3–4 (Iowa Ct. App. Aug. 21, 2019) (coming to a similar conclusion).

**AFFIRMED.**